[No. A039245. First Dist., Div. Four. Feb. 29, 1988.]

THE MUNICIPAL COURT FOR THE MARIN COUNTY JUDICIAL DISTRICT OF MARIN COUNTY et al., Petitioners, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent; LINDA C. SINCLAIR et al., Real Parties in Interest.

**COUNSEL**

Douglas J. Maloney, County Counsel, Jerry R. Herman, District Attorney, and Jacki C. Brown, Deputy District Attorney, for Petitioners.

No appearance for Respondent.

Larry L. Heon, Public Defender, and Michael Marowitz, Deputy Public Defender, for Real Parties in Interest.

**OPINION**

CHANNELL, J.—This petition for writ of mandate presents the question of whether a court may require a defendant to reveal uncharged priors in order to enter a guilty plea.

The Marin County Municipal Court uses a written waiver form for defendants who wish to plead guilty to violations of section 23152, subdivisions (a) and (b) of the Vehicle Code, a section which prohibits driving while under the influence of an alcoholic beverage or drugs and driving a vehicle with 0.10 percent or more alcohol in the blood (hereinafter referred to as DUI cases). The form provides information as to the consequences of a conviction of the offense including the effect of priors when there is either a grant or denial of probation. The form also provides information as to relevant constitutional rights and contains an explicit waiver of these rights.

On January 1, 1987, the court issued a new form which added the following language to the former waiver form: "I do not have any other DUI convictions within the last 7 years or any pending DUI cases other than those charged in the complaint of this case."

Several persons charged with misdemeanor DUI offenses, upon advice of their counsel, refused to sign this portion of the form. As a result, the court refused to enter their guilty pleas and set their cases for trial. On March 16, 1987, seven defendants filed a petition for writ of mandate in Marin County Superior Court challenging the use of the disavowal provision which was consolidated with a similar petition raising the same issue as to other defendants. The defendants contended in part that the use of the disavowal abridges the privilege against self-incrimination.

The People, who had been named as real party in interest, filed a return and answer. The People contended that without the disavowal the court could not be assured that a defendant's plea was truly knowing and voluntary or that probation was appropriate. The People argued that the information sought by the court related solely to suitability for probation, not to proving a penalty-enhancing allegation and, therefore, the information neither tended to incriminate the defendant nor lessened the prosecution's burden.

A declaration of the Honorable William H. Stephens, presiding judge of the municipal court, was filed with the return. Judge Stephens stated in his declaration that where it is known that a defendant has multiple convictions of DUI offenses, the defendant is referred to the probation department for a formal report. Where the defendant desires to plead guilty and seeks a minimum sentence under a plea agreement limiting the sentence, and it is not known whether the defendant has other convictions or pending charges, the court will ask the very questions which would be asked by a probation officer so that the court can proceed to sentencing forthwith. As the procedure involves defendants pleading guilty without prior notice at some pretrial stage, the court cannot order the Department of Motor Vehicles (DMV) teletype prior to the change of plea. The specific disavowal by the defendant is not required of defendants who are pleading apart from a plea agreement as to sentence, i.e., an "open" plea.

Defendants filed a response to the return, attaching affidavits of two assistant public defenders. These declarations stated that before January 1987, the court routinely asked the prosecutor in court if the defendant tendering a conditional guilty plea had any uncharged prior convictions. If

enhanceable convictions were discovered and reported by the prosecutor, the court immediately rejected the plea as tendered and allowed the prosecutor to amend the complaint. When the court felt the need to have an updated DMV record for any defendant tendering a guilty plea, the court would ask the prosecutor to run a fresh DMV report or direct a court clerk to do so. The clerk usually returned to court with a fresh DMV record within 15 minutes after the directive. Occasionally, the court would put over the disposition until the afternoon or a future day.

The superior court concluded that the municipal court could not require the defendant to furnish information of uncharged priors or pending charges in other cases. The superior court filed its order commanding the municipal court "to refrain from inquiring of any defendant charged with an intoxicated driving offense, whether or not there is a negotiated disposition, (a) if he or she has a prior conviction or convictions for intoxicated driving not charged in the complaint in his or her case; or (b) if he or she has a charge of intoxicated driving presently pending in any court, other than the one charged in the complaint."

The instant petition challenges this order. The named petitioners are the Marin County Municipal Court and the People. No real party in interest was identified. This court requested opposition from the public defender who had represented the defendants below and refers to these defendants hereafter as real parties in interest.

DISCUSSION

A.

We first consider whether the requirements of section 1086 of the Code of Civil Procedure have been met.

Section 1086 provides that a writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested."

██ ██ Real parties in interest contend that the petition should be dismissed because neither petitioner is "beneficially interested" under section 1086. ██ We agree that this requirement of beneficial interest has not been met by the municipal court. Clearly the municipal court was not a

party to the underlying actions—criminal actions in which the only parties were the People and the individual defendants charged with violations of the Vehicle Code. The municipal court's rejection of the guilty pleas was challenged by petition for writ of mandate, since the rejection of the pleas was a nonappealable order. Although in the petition process the municipal court whose action was challenged was named as respondent, that court has no other interest in the result than it would have if its ruling had been challenged by appeal. The reviewing court in this case held that the lower court had abridged the defendants' privilege against self-incrimination by requiring them to divulge uncharged priors in order to plead guilty. The lower court may not challenge this ruling by its own action in a higher court merely because one result of the ruling requires the lower court to change a waiver form.

The People, who are also named as petitioners, meet the requirement that the petition be brought by "the party beneficially interested." They are the plaintiff in the criminal action and real parties in interest below. They are entitled to exhaust whatever remedies are available in the Court of Appeal. The cases of the defendants who brought the petition have all been resolved. Although the petition is therefore moot as to the defendants involved in the petition below, this court will consider the substantive issue raised since the ruling will affect the processing of other DUI cases. "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

Real parties also contend that the petition will not lie because the People had an adequate remedy by appeal under section 1238, subdivision (a)(6) of the Penal Code. This section provides that the People may appeal from "An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense." The peremptory writ did not modify the verdict or reduce the degree of the offense nor did it necessarily have such an effect. The People did not have a right to appeal from either the order granting the peremptory writ or from the judgments of conviction which followed. The People's only remedy is by verified petition to this court. (Code Civ. Proc., § 904.1, subd. (a).)[1]

[1] Despite section 446 of the Code of Civil Procedure which provides that pleadings of public entities need not be verified, a petition by a public entity must be verified. Section 1109 of the Code of Civil Procedure provides that "Except as otherwise provided in this title [i.e., tit. 1, encompassing §§ 1067-1110b], the provisions of part two of this code are applicable to and

## B.

We turn now to the question of whether a court may require a defendant charged with a DUI offense to reveal uncharged priors in order to enter a guilty plea.

Real parties contend that requiring a defendant to reveal uncharged priors in order to enter a guilty plea violates a defendant's privilege against self-incrimination. The People have several answers to this contention. For one thing, they point out that defendants were not required to reveal uncharged priors. If they chose not to answer, they suffered no increased penalty. "At most, defendants were inconvenienced by the additional court appearance necessary to resolve their cases." This disingenuous answer ignores the fact that the additional court appearance would undoubtedly be at considerable expense to a defendant and more than a minor inconvenience particularly if the defendant were not a resident of the county. It subjects a defendant who has no desire to dispute the charged offense to the public humiliation of a trial.

The Fifth Amendment guarantees "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own [free] will, and to suffer no penalty . . . for such silence." (*Malloy* v. *Hogan* (1964) 378 U.S. 1, 8 [12 L.Ed.2d 653, 659, 84 S.Ct. 1489].) "It is well settled that to punish a person for exercising a constitutional right is 'a due process violation of the most basic sort.'" (*In re Lewallen* (1979) 23 Cal.3d 274, 278 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823].) The penalty which is prohibited for assertion of the privilege need not be a direct criminal punishment or fine. In explaining why comment on the exercise of the privilege is prohibited, the court in *Griffin* v. *California* (1965) 380 U.S. 609, 614 [14 L.Ed.2d 106, 109-110, 85 S.Ct. 1229], wrote: "It is a penalty imposed by courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly." To reject a guilty plea and force a defendant to stand trial is to penalize a defendant and, if done as a result of the exercise of the privilege against self-incrimination, is a violation of that constitutional right.

---

constitute the rules of practice in the proceedings mentioned in this title." Sections 1086 and 1089, contained in title 1, and supplemented by California Rules of Court, rules 56(a) and 56(c), require verification in mandate proceedings without exception, and therefore prevail over the provisions of section 446 which are contained in part 2.

Real parties in their opposition contend that the petition had not been properly verified since it was verified by the county counsel on behalf of the County of Marin which is not a party to the proceedings. The petition has now been verified on behalf of the People.

It seems to us beyond dispute that asking a person charged with a DUI offense whether he has uncharged priors or other pending DUI charges implicates the privilege against self-incrimination because it calls for an answer which may tend to incriminate that person. Petitioners do not agree. They suggest that even if a defendant revealed uncharged priors and as a result the prosecution were allowed to amend the complaint, the answer would not be incriminating because the defendant would have the right to challenge the constitutionality of the prior conviction in any subsequent proceeding. This ignores the fact that the prior may, in fact, be constitutional. It also ignores the fact that the prosecution has obtained discovery of the prior and an opportunity to amend its case against the defendants.

Petitioners justify the query by the court on the grounds of necessity and judicial economy. Petitioners argue that the prosecution's copy of a DUI defendant's driving record may not accurately reflect the defendant's history of prior DUI convictions. Petitioners concede that the prosecution is required to allege all prior convictions in drafting a DUI complaint, citing 39 Ops.Cal.Atty.Gen. 13, 15 (1961). But, contend petitioners, the prosecution may not have complete knowledge of priors since the defendant may have an alias, for example, or the DMV computer may not be current in entries. Furthermore, contend petitioners, the procedure is necessary to enable the court to fulfill its duty to determine that the plea is entered knowingly, voluntarily and with knowledge of the statutorily permissible punishments. "The benefits to the state include increased flexibility in processing large numbers of cases, reduced public expenditures on trials, relief from overburdened courts and, most importantly, greater ability of judges to exercise discretion in sentencing."

These arguments could be made in favor of any requirement that a defendant testify against himself. Judicial economy would always be benefited and in many instances it could be argued that the determination of the truth requires testimony of the person charged. Despite these benefits to the judicial system, persons charged with crimes are accorded by the United States and California Constitutions a privilege not to testify against themselves. A sacrifice of judicial economy and certainty of the facts is inherent in the privilege against self-incrimination.

Petitioners also contend that the inquiry is permissible because the information is not sought to determine guilt of the charged offense but solely to aid the court in sentencing the pleading defendant in accordance with the court's mandatory duty to obtain a record of priors before sentenc-

ing. (Veh. Code, § 13209.)[2] This argument does not answer the self-incrimination problem. First, it ignores the fact that the information is being sought at a stage where the information could lead to the amendment of the charge. At the sentencing phase, it would be too late for the prosecution to add priors to the charge.

Second, it assumes that at sentencing a defendant on a DUI offense after a trial and conviction, the court may insist that the defendant reveal uncharged priors. Petitioners apparently recognize that the court could not sentence a defendant as a second offender under Vehicle Code section 23165 on the basis of an uncharged prior. To sentence as a second offender, the prior must be alleged *and* either proved or admitted. (See *People* v. *Ford* (1964) 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892]; *People* v. *Ratner* (1944) 67 Cal.App.2d Supp. 902, 905 [153 P.2d 790]; 39 Ops.Cal.Atty.Gen. 13, 14 (1961).) Petitioners contend, however, that a court may rely upon uncharged priors in exercising its discretion in determining whether probation is warranted and, if so, in determining what conditions of probation to impose. Prior convictions, whether charged or not, must be considered by the court in determining the conditions of probation (Veh. Code, § 13209; 39 Ops.Cal.Atty.Gen. 13, 15; 1 Erwin, Defense of Drunk Driving (3d ed. 1986) Uncharged Prior Convictions, § 5A-08) and the defendant in a DUI case has an opportunity to challenge the validity of the uncharged priors at the time of arraignment for judgment. (*Stenback* v. *Municipal Court* (1969) 272 Cal.App.2d 27, 31 [76 Cal Rptr. 917].) Petitioners, however, have no authority or convincing argument that a court at sentencing could *require* a defendant charged with a DUI offense to admit uncharged priors and thus subject himself to a denial of probation or more severe conditions of probation. To the contrary, the United States Supreme Court has made clear that "[a]ny effort by the State to compel [the defendant] to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment." (*Estelle* v. *Smith* (1981) 451 U.S. 454, 463, fn. omitted [68 L.Ed.2d 359, 369, 101 S.Ct. 1866].)

Regardless of what argument petitioners pursue, they must eventually arrive at the fact that in requiring the disavowal the court is requiring the defendant to give information which might incriminate himself in order to

---

[2] Vehicle Code section 13209 provides: "Before sentencing a person upon a conviction of a violation of Section 23152 or 23153, the court shall obtain from the department a record of any prior convictions of that person for traffic violations. The department shall furnish that record upon the written request of the court. [¶] Notwithstanding the provisions of Section 1449 of the Penal Code, in any such criminal action the time for pronouncement of judgment shall not commence to run until the time that the court receives the record of prior convictions from the department."

plead guilty. A waiver of the privilege against self-incrimination is inherent in a plea of guilty. But it is a waiver of the privilege as to the charges to which the defendant is pleading. We conclude in agreement with respondent court that a court may not require a defendant to waive his privilege as to uncharged offenses.

The alternative writ is discharged and the petition for writ of mandate is denied.

Anderson, P. J., and Poché, J., concurred.