[No. B035972. Second Dist., Div. Three. Jan. 25, 1989.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FABIAN LOPEZ ALVARADO, Real Party in Interest.

**COUNSEL**

Ira Reiner, District Attorney, Maurice H. Oppenheim, John W. Messer and Brent Riggs, Deputy District Attorneys, for Petitioner.

No appearance by Respondent.

Wilbur F. Littlefield, Pubic Defender, Laurence M. Sarnoff, Peter Krupinsky and Henry J. Hall, Deputy Public Defenders, for Real Party in Interest.

## OPINION ·

**KLEIN, P. J.**—The People seek review of an order granting real party in interest, Fabian Lopez Alvarado (Alvarado), probation upon his conviction after guilty plea of sale of marijuana. (Health & Saf. Code, § 11360, subd. (a).) We issued an alternative writ in order to determine whether a trial court has discretion to refuse to allow the People to amend a complaint to allege a prior felony conviction after a guilty plea has been entered in municipal court. Although we conclude the trial court has such discretion, failure to allow the amendment here constituted an abuse. Accordingly, the People's petition for writ of mandate is granted and the matter is remanded for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 1987, Alvarado sold a $10 bag of marijuana to an undercover police officer. Upon arrest, Alvarado gave his name as Leyva Ysrael Chavida and was charged with sale of marijuana in violation of Health and Safety Code section 11360, subdivision (a), under the name Chavida. After a plea of guilty, the trial court placed Alvarado on probation on October 22, 1987.[1]

On April 13, 1988, Alvarado again sold a $10 bag of marijuana to an undercover officer. He was arraigned in municipal court the following day under the name Alvarado and pleaded guilty to a violation of Health and Safety Code section 11360, subdivision (a), pursuant to Penal Code section 859a.[2] The matter was transferred to superior court for further proceedings.

On May 17, 1988, at the probation and sentencing hearing in superior court, the People requested leave of the trial court to amend the accusatory pleading to allege the first sale of marijuana conviction under the name

---

[1] It is unclear whether appellant's true name is Alvarado or Chavida. For the purpose of this opinion, we refer to him as Alvarado.

[2] Penal Code section 859a, subdivision (a), provides in pertinent part: "If the public offense charged is a felony . . . the defendant may plead guilty to the offense charged, . . . and upon such plea of guilty . . . the magistrate . . . shall . . . certify the case, . . . to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court. . . ."

Chavida. Such an amendment, if admitted or found true, would have rendered Alvarado statutorily ineligible for probation. (Health & Saf. Code, § 11370, subd. (a).)[3] Alvarado specifically declined to request leave to withdraw the guilty plea, preferring instead to rely on the sentence indicated in municipal court.

After noting the possibility Alvarado might be sentenced to state prison for the probation violation on the first conviction, the trial court denied the amendment stating: "[T]he reason for denying the request [to amend] is there are two offenses consisting each of a sale of a dime bag of marijuana. I am hesitant to put the defendant in state prison. The next dime bag, he goes to state prison."

The trial court then placed Alvarado on probation on the condition, inter alia, he serve the first 365 days in county jail.

## CONTENTIONS

The People contend the trial court did not have discretion to refuse the requested amendment, and claim the grant of probation exceeded the trial court's jurisdiction.

Alvarado responds the trial court had discretion to grant or deny the People's motion to amend the pleading. Alvarado also claims (1) the People failed to verify their petition, and (2) the People have no statutory basis upon which to seek review of this matter.

## DISCUSSION

1. *Mandate lies from an order granting probation.*

■ Alvarado contends the People are without a statutory basis for review of the trial court's ruling. However, in this particular instance, the People's reliance on Penal Code section 1238, subdivision (d), is appropriate. That section provides: "[T]he people may seek appellate review of any grant of probation, . . . , by means of a petition for a writ of mandate or prohibition . . . . The review of any grant of probation shall include review of any order underlying the grant of probation."[4]

---

[3] Health and Safety Code section 11370, subdivision (a), provides: "Any person convicted of violating Section . . . 11360, . . . shall not, in any case, be granted probation by the trial court or have the execution of sentence imposed upon him or her suspended by the court, if he or she has previously been convicted of [a felony offense involving marijuana] . . . ."

[4] All further statutory references are to the Penal Code unless otherwise indicated.

Ordinarily, an order denying a motion to amend an accusatory pleading is not an order underlying a grant of probation. However, as is concluded in the following discussion, the trial court it its ruling here improperly allowed sentencing considerations to influence its determination of the motion to amend. This improper consideration of sentencing factors in ruling on a procedural matter rendered the trial court's denial of the motion a sentencing order for all practical purposes.

Because the trial court treated the motion in a sentencing context and immediately thereafter granted probation, fairness dictates treatment of the denial of the motion as an order which thereafter allowed the trial court to grant probation. Viewed in this manner, the instant order is an order underlying a grant of probation from which the People properly sought review by means of a petition for writ of mandate. (§ 1238, subd. (d).)

2. *The verification requirement.*

a. *A petition for writ of mandate to be used as evidence of the facts stated therein generally requires verification.*

Alvarado contends the People's petition for writ of mandate is not verified and that omission is fatal to their petition. (Code Civ. Proc., § 1086.)

The petition is subscribed by a deputy district attorney who states "[t]he allegations of the foregoing petition for writ of mandate are alleged as true by the undersigned public official, acting in the course and scope of his official capacity."

While this subscription is captioned "verification," it is not made under penalty of perjury. The People argue the pleading of a deputy district attorney acting in an official capacity need not be verified. (*City and County of San Francisco* v. *Evankovich* (1977) 69 Cal.App.3d 41, 53 [137 Cal.Rptr. 883]; Code Civ. Proc., § 446.)

There is authority for the positions of Alvarado and the People.

In *Verzi* v. *Superior Court* (1986) 183 Cal.App.3d 382, 385 [228 Cal.Rptr. 299], the petitioner, a criminal defendant, contended the People's return to an alternative writ had not been verified and urged it be stricken. The *Verzi* court agreed with the position taken by the People here, and in addressing the issue responded only, "Not so. Under Code of Civil Procedure section 446, public agencies and their officers are exempt from such a requirement."

Without any reference to the *Verzi* case, *Municipal Court* v. *Superior Court (Sinclair)* (1988) 199 Cal.App.3d 19, 25, fn. 1 [244 Cal.Rptr. 591], reasoned as follows: "Despite section 446 of the Code of Civil Procedure which provides that *pleadings* of public entities need not be verified, a *petition* by a public entity must be verified. Section 1109 of the Code of Civil Procedure provides that 'Except as otherwise provided in this title (i.e., tit. 1, encompassing §§ 1067-1110b), the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title.' Sections 1086 and 1089, contained in title 1, and supplemented by California Rules of Court, rules 56(a) and 56(c), require verification in mandate proceedings without exception, and therefore prevail over the provisions of section 446 which are contained in part 2." (Italics added.)[5]

Code of Civil Procedure section 446, permitting verification on information and belief and relieving public officers of the requirement of verification, " 'palpably refers to pleadings that *join issues,* such as the common complaint and answer of a lawsuit.' Where the paper is to be used as *evidence of the facts stated*—as is often the case of a petition for mandamus . . .—the verification must be positive, i.e., it must state that the matters set forth are true of the petitioner's own knowledge. [Citations.]" (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 154, p. 794, italics added.)

Because of this crucial difference in the nature of pleadings, we find *Sinclair* the more persuasive authority, and therefore conclude the People's petition for a writ of mandate must be verified.

b. *The People have complied sufficiently with the verification requirement here.*

■ In order to address Alvarado's claim the People's failure to verify the instant petition has allowed unsubstantiated factual matters to come before this court, additional factual background is necessary.

At the time of the motion to amend the complaint to add the prior sale of marijuana conviction in the superior court, the deputy district attorney stated: "The plea arrangement in the matter was a county jail lid based on no prior conviction or record." When the trial court asked if either party had a transcript of the plea, defense counsel responded he did not have one and did not know whether the plea had been based upon a representation of no record.

---

[5] Code of Civil Procedure section 1086 specifically states: "The writ . . . must be issued upon the verified petition of the party beneficially interested."

The People asserted in their petition for writ of mandate that Alvarado's plea in this case had been based upon absence of any prior record. However, the transcript of the motion to amend in superior court makes it clear the prosecutor had no proof of such a plea bargain. Moreover, the trial deputy's remarks might be read merely as an averment the People would not have agreed to accept the plea had they known of the prior conviction.

In an effort to cure any deficiencies in the writ petition, the People thereafter obtained a reporter's transcript of Alvarado's plea in municipal court and filed it with this court. That transcript does *not* indicate any plea bargain or conditioning of the county jail sentence on a clean record, and even mentioned the possibility Alvarado might be on probation or parole in another matter.

However, the People's *replication* contains the *affidavit* of the deputy district attorney who took Alvarado's plea in municipal court. The deputy declared under penalty of perjury: "I have no present memory of this case other than what was written on the file. The plea was taken on the premise that this was his only Health and Safety Code violation and according to the District Attorney's policy, a county jail lid was taken. . . . [¶] At the time I had no knowledge that he had a prior [conviction of section] 11360 of the Health and Safety Code . . . . I reach this conclusion because there was nothing written in the file indicating a prior conviction and nothing in the file indicating another name that this defendant had used. [¶] If I had known, our policy at the time was to take the plea within the meaning of [section] 11370 of the Health and Safety Code. Thus, the defendant would not have been eligible for probation and would have been sentenced to state prison for the low term of two (2) years. At times the District Attorney's office would accept a lesser included plea of [a violation of section] 11359 (possession of marijuana for sale) of the Health and Safety Code, . . . , meaning the defendant would be sentenced to sixteen (16) months in state prison."

Therefore, the People present in the final analysis a petition which is: (1) based on exhibits which consist of official court records and transcripts (see *Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186 [154 Cal.Rptr. 917, 593 P.2d 862]); (2) subscribed by counsel for the People who asserts "[t]he allegations of the foregoing petition for writ of mandate are alleged as true by the undersigned public official, acting in the course and scope of his official capacity"; (3) supported by the affidavit of the deputy district attorney who took Alvarado's guilty plea in municipal court setting forth, under penalty of perjury, the deputy's recollection of the municipal court proceedings. We therefore reject Alvarado's contention the absence of verification of the initial petition has undermined the integrity of this proceeding. We

conclude the People have complied adequately with the verification requirement and have assured thereby the good faith of the party beneficially interested. (*Frio* v. *Superior Court* (1988) 203 Cal.App.3d 1480, 1489 [250 Cal.Rptr. 819].)

 3. *The trial court may, in its discretion, refuse to allow the People to amend the accusatory pleading to allege prior convictions.*

 Although the People contend the trial court did not have the discretion to refuse their requested amendment of the accusatory pleading to allege the first sale of marijuana conviction, they concede an accusatory pleading may not be amended after a plea without an order of the court. Indeed, the general framework within which criminal pleadings are amended is statutorily derived and, for the purposes of this petition, has remained constant since 1911.

 Section 1009, the successor statute to former section 1008, provides: "An indictment, accusation or information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney in any inferior court, *without* leave of court at any time *before the defendant pleads* or a demurrer to the original pleading is sustained. The court in which an action is pending *may* order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, or if the defect in an indictment or information be one that cannot be remedied by amendment, may order the case submitted to the same or another grand jury, or a new information to be filed." (Italics added.)

 Pursuant to this section, the prosecuting agency may amend its pleading without leave of court only before plea or demurrer sustained. However, after a plea or demurrer sustained, the court's permission to amend is necessary. (Witkin, Cal. Criminal Procedure (1963) Proceedings Before Trial, § 210, p. 198.)

 Despite the rule of section 1009, the People argue section 969½ enacted in 1935 creates a duty on the part of the trial court to accede to their request to amend where they seek to add a newly discovered prior conviction after entry of a guilty plea under section 859a.

 Section 969½ provides: "Whenever it shall be discovered that a pending complaint to which a plea of guilty has been made under section 859a of this code does not charge all prior felonies of which the defendant has been convicted . . . , said complaint may be forthwith amended to charge such

prior conviction or convictions and such amendments may and shall be made upon order of the court."

The section contains two passages of critical language. The first one is the statement that the complaint "may be forthwith amended" after discovery of the prior conviction, sounding in discretionary language. With regard to the interpretation of this portion, we note the first draft of section 969½ before the Legislature in 1935 used mandatory terms in stating that pending complaints "*shall* be forthwith amended" to add newly discovered prior convictions. (Italics added.) The only change made in the statute before enactment by the Legislature was the substitution of the permissive "may" for the mandatory "shall" in that phrase.

Alvarado asserts the discretion referred to with respect to the "forthwith" amendment is that of the trial court; the People claim it is a reference to prosecutorial discretion.

In resolving this issue, we examined the legislative history of both sections 969½ and 969a, a similarly phrased section dealing with amendments which add newly discovered prior convictions to *pending* indictments and informations where there has *not* been a guilty plea.

Section 969a, as enacted in 1927, read as follows: "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information *shall* be forthwith amended to charge such prior conviction or convictions and such amendment may and shall be made upon order of the court, . . ." (Italics added.)

In 1957, the Legislature amended section 969a to provide the "information *may* be forthwith amended . . . , and if such amendment is made it shall be made upon order of the court, . . ." (Italics added.)

This amendment was adopted as part of Senate Bill No. 855. In addition to the above changes, the bill also amended section 969c to reduce prison terms for persons previously convicted of a felony or armed with a deadly weapon from five to two years, or both, from ten to four years. (Legis. Dig., Cal. Legislature, 1957 Reg. Sess., p. 97.) The amending bill had been introduced at the request of the Board of Corrections.

Although nothing in the legislative history indicates whether the amendment of section 969a was intended to unfetter the discretion of the prosecutor or the trial court, the Journal of the State Bar of California, volume 32, number 3, in an article entitled, "Work of the Board," noted the Board of

Governors had taken no position on Senate Bill No. 855 at its 1957 meeting. The author, the Secretary of the State Bar, summarized Senate Bill No. 855 as "making discretionary the authority of a district attorney to charge facts which would increase minimum penalty." (*Id.,* at p. 257.)

It remains unclear what this conclusion is based upon, and an article written about the position of the State Bar on various bills is not an authoritative source. However, the fact that the amendment and its accompanying provisions had been introduced at the behest of the Board of Corrections, and the possibility the Secretary of the State Bar had access to documents which are no longer available, leads us to conclude section 969a, before its amendment, had been interpreted so as to *require* the prosecutor to allege prior convictions whenever they were discovered.

Thus, it could be said there is some authority for the proposition that the first insertion of the word "may" in both section 969a and subsequently, in 969½, is intended to confer discretion on the prosecutor.

Conceding the first appearance of "may" in the sections refers to the prosecutor's discretion, sections 969a and 969½ both also refer to the amendment being made "upon order of the court." Section 969½ states the amendment "may and shall be made upon order of the court," and section 969a states it "shall be made upon order of the court."

Although in each instance there is at least an element of mandate, we do not believe this language is intended to override the general rule which permits amendment *after plea* only as allowed by the trial court in the exercise of its discretion. Rather, we read this language as an acknowledgement of the trial court's control of the amendment of the pleading and a reference to the manner in which the amendment is to be made.

The available case law does not compel a contrary result. In *People* v. *Payton* (1939) 36 Cal.App.2d 41 [96 P.2d 991], decided before the amendment of section 969a and while that section remained phrased as mandatory, the trial court permitted without discussion an amendment which added a prior conviction. The defendant did not object at trial but attacked the amendment on appeal. The reviewing court stated, "the [trial] court had the right to permit the filing of the amended information; indeed it was plainly the duty of the court so to do (Pen. Code, § 969(a)); and such action of the court would *not* have been subject to objection, if any had been made." (*Id.,* at p. 59.)

Even after the amendment of section 969a, the few cases that did consider the section continued to do so as if the mandatory language remained.

*People* v. *Harris* (1962) 199 Cal.App.2d 474, 476 [18 Cal.Rptr. 708], stated: "It was the duty of the district attorney to move the amendment and the duty of the court to grant it. (Pen. Code, § 969a.)" In *People* v. *Mays* (1962) 205 Cal.App.2d 798, 802 [23 Cal.Rptr. 605], the trial court allowed an amendment on the day of trial after jury had been waived. The *Mays* court found the amendment proper and then quoted the above language from *Harris*.

In *People* v. *Brower* (1949) 92 Cal.App.2d 562 [207 P.2d 571], the original information charged two defendants with forgery. After both defendants had pleaded not guilty, the clerk arraigned them again on an amended information which added a prior conviction against Brower. The codefendant, Gross, pleaded guilty to this information; Brower again pleaded not guilty. The district attorney asked the trial court to refuse to accept Gross's guilty plea. The trial court then "set aside the amended information on the ground it was filed after plea to the original information, without leave of court" (*id.,* at p. 564), and the matter proceeded to trial against both Gross and Brower.

On appeal, Brower contended the trial court had set aside both informations leaving no charging document on which to try him. The *Brower* court relied upon former section 1008 in concluding an information may be amended any time before plea without leave of court, but requires such leave of court after plea. The *Brower* court responded, "[u]ntil the court had granted permission that it be filed, the amended information had no place in the record and was not legally filed." (92 Cal.App.2d at p. 564.)

We do not find any of the foregoing cases particularly useful or persuasive. Indeed, none of the cases cited addresses section *969½,* or a trial court's refusal to allow an amendment offered by the People. Thus, to the extent these cases refer to the trial court's "duty" to accept the amendment, they are dicta. Each case could have been determined on the basis of the broad discretion of the trial court to allow such amendments.

Finding no case law precedent which controls this situation, we turn to rules of statutory construction for assistance.

The general statute, section 1009, formerly section 1008, since 1911, has allowed amendment of pleadings *after entry of plea only with leave of court.* Section 969½, since 1935, has provided amendments adding allegations of newly discovered prior convictions after entry of a guilty plea "may and shall be made upon order of the court." The People assert the more specific language of section 969½ must prevail over the general statute. (*Agricultur-*

*al Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687].)

■ However, the rule that a special statute constitutes an exception to the general rule applies only when the two statutes are inconsistent with each other. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580].) Moreover, statutes should be construed in harmony with other statutes on the same general subject. (*Dyna-Med Inc,* v. *Fair Employment and Housing Commission* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323]; *Building Material & Construction Teamsters' Union, Local 216* v. *Farrell* (1986) 41 Cal.3d 651, 665 [224 Cal.Rptr. 688, 715 P.2d 648]; *People* v. *Shirokow* (1980) 26 Cal.3d 301, 306-307 [162 Cal.Rptr. 30, 605 P.2d 859]; *Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)

■ Here, no inconsistency exists between the two sections because they can be read so as to give effect to the general rule. In fact, the language employed by section 969½ assumes operation of the general rule by referring to the amendment being made upon order of the court as opposed to being made without leave of court.

Further, had the Legislature intended to override the general rule in existence since 1911, it would have made that purpose explicit. (*People* v. *Siko* (1988) 45 Cal.3d 820, 824 [248 Cal.Rptr. 110, 755 P.2d 294].) Such a result could have been achieved by an enactment stating that amendments adding newly discovered prior convictions could be made without leave of court as the Legislature had provided in section 1009 with respect to amendments made before entry of plea.

Thus, construing the specific statutes dealing with amendments adding prior convictions so as to achieve harmony with the general amendment statute, no legislative intent to depart from the leave of court requirement appears.

Everything considered, the most reasonable interpretation of section 969½ dealing with amendments adding prior convictions following guilty pleas would appear to be as follows: Section 969½ was enacted after section 1009 and does not employ the simple phrase, "without leave of court" used in section 1009. Rather it states such an amendment may and "shall be made upon order of the court."

We therefore conclude the trial court may, in its discretion, refuse an amendment offered by the People pursuant to section 969½.

*4. The trial court abused its discretion by refusing the amendment proffered here.*

The trial court's discretion to allow amendment is broad and is almost invariably upheld. (Witkin, Cal. Criminal Procedure, *supra,* § 210, p. 198.) However, no discretion is boundless.

"Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all the circumstances before it being considered. [Citations.] . . . [W]hen two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court. [Citations.]" *(In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911].)

The circumstances presented to the trial court here included the fact that Alvarado had identified himself falsely at one or the other of his arrests for sale of marijuana, that he had been placed upon probation upon his first conviction, and that he had entered a guilty plea immediately upon arraignment after his second arrest. These factors indicate a clear intent on Alvarado's part to deceive the prosecutor and the court by presenting himself as a first offender when, in truth, he was not.

The trial court denied the People's request to amend the accusatory pleading because it did not want to sentence Alvarado to state prison for selling two small amounts of marijuana. Although this concern might be an appropriate consideration for sentencing purposes, it should not have entered into the trial court's ruling on the People's request to amend, even though the trial court had discretion to strike the prior conviction allegation after it had been alleged. (See *People* v. *Ruby* (1988) 204 Cal.App.3d 462, 465-466 [251 Cal.Rptr. 359].)

The focus of the trial court's exercise of discretion in ruling on a motion to amend should be directed primarily to determining whether, on the facts presented, the requested amendment would prejudice Alvarado's substantial rights. Although probation ineligibility is prejudicial in the sense that Alvarado would rather it not be alleged, the allegation here does not cause prejudice to Alvarado's substantial rights. In fact, the amendment merely places Alvarado in the position he should have been in at the time of his arraignment in municipal court had he not used an alias and entered an immediate guilty plea under section 859a.

Therefore, we reluctantly conclude the trial court's denial of the People's motion to amend the pleadings constituted an abuse of its discretion.

## CONCLUSION

The trial court may, in its discretion, refuse to amend a complaint to allege a prior felony conviction after a guilty plea has been entered by the accused in municipal court. (§ 969½.) However, the trial court abused that discretion here by (1) refusing to allow such an amendment despite evidence Alvarado had attempted to work a fraud on the prosecutor and the court, and (2) considering sentencing factors in ruling on a procedural motion.

## DISPOSITION

The alternative writ heretofore issued is discharged. The petition is granted and the matter is remanded for further proceedings according to law.

Danielson, J., and Arabian, J., concurred.

A petition for a rehearing was denied February 23, 1989, and the opinion was modified to read as printed above.