Filed 4/24/14  P. v. Patten CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON PATTEN,<br><br>        Defendant and Appellant. | A135219<br><br>(Lake County<br>  Super. Ct. No. CR925068) |

In 1992, appellant Jason Patten, then 21 years old, pled no contest to annoying and molesting an 11-year-old girl, a misdemeanor violation of Penal Code section 647.6.[1] The version of section 290, subdivision (a) in effect at the time required all persons convicted of certain sexual offenses, including misdemeanor violations of section 647.6, to register for life as a sex offender with the appropriate law enforcement agency for as long as they continued to reside in California.  Upon entry of his plea, appellant came within this mandatory statute.

Nearly two decades later, appellant has brought a petition for writ of mandate seeking relief from section 290, subdivision (a)'s sex offender registration requirement on the ground that that he was not informed of the lifelong registration requirement at the time he entered his plea.  The trial court discharged the writ, thereby rejecting appellant's claim, after finding he unreasonably delayed bringing it.  We affirm this decision.

---

[1]        Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1992, appellant accepted a plea agreement, pursuant to which he pled no contest to one count of misdemeanor annoying or molesting a child. (§ 647.6.) Appellant was thereafter placed on probation for his offense. Pursuant to section 290, subdivision (a), he was required to register as a sex offender. (Former § 290, subd. (a) [Stats. 1989, ch. 1407, § 4, pp. 6191-6192], now § 290, subd. (c).)[2] Appellant failed to do so at the time of his plea because, he says, neither the court nor his attorney advised him of this mandatory registration requirement.

In 1998, appellant was found to have committed a parole violation after completing his sentence and being released on parole for a burglary conviction. It was at this time that appellant alleges he was informed for the first time by his parole officer of the obligation that he register as a sex offender for the remainder of his life.

In 2009, appellant filed a petition for writ of habeas corpus in Lake County Superior Court, requesting that the court either set aside his 1992 no-contest plea or strike the sex offender registration requirement. In January 2010, the trial court found appellant was not entitled to habeas relief "for the reason [of] unjustifiable delay in filing," explaining that appellant "had notice and opportunity to address the issues presented many years ago." This court thereafter affirmed the trial court's decision (No. A127396), and the California Supreme Court denied appellant's petition for review.

On November 29, 2010, appellant filed a petition for writ of mandate in Lake County Superior Court, again asking for the judgment against him to be vacated or the sex offender registration requirement stricken. The trial court requested an informal

---

[2]     "290. (a) Any person who . . . has been or is hereafter convicted in this state of the offense of . . . Section . . . 647.6 . . . shall, within 30 days after the effective date of this section or within 14 days of coming into any county, city, or city and county in which he or she temporarily resides or is domiciled for that length of time register with the chief of police of the city in which he or she is domiciled or the sheriff of the county if he or she is domiciled in an unincorporated area . . . ." (Former § 290, subd. (a) [Stats. 1989, ch. 1407, § 4, pp. 6191-6192].)

response from the People, which, after several delays, was filed on June 24, 2011.[3] The People's response raised the affirmative defense of laches as a procedural bar to appellant's claim. The People argued that appellant had unreasonably and unjustifiably delayed bringing his claim to the People's prejudice. To support this argument, the People attached documentary evidence to its response consisting of police investigative reports from 1992 and a district attorney's bureau of investigations report from 2011 indicating that Ms. Collins, the only witness to appellant's sex crime aside from the victim, had died in October 2004.

Appellant filed a reply to the People's Informal Response on January 13, 2012, which did not address the merits of its laches argument, but instead asked the court to strike the response as procedurally improper and tardy. Appellant raised no specific objection, however, to the documentary evidence attached to the response.

The parties thereafter stipulated "to submit this case on filed Points and Authorities and argument, without calling witnesses," and a hearing was held January 24, 2012. Following this hearing, the trial court rejected appellant's request to strike the Informal Response before agreeing with the People that his request for relief from the terms of his plea deal was untimely. The court thus discharged the writ, an order from which appellant now appeals.

## DISCUSSION

Appellant contends on appeal the trial court erred in dismissing his petition as untimely for several reasons.[4] First, appellant contends the delay in filing his petition

---

[3]    The trial court's request for an Informal Response rather than a Return appears to stem from its mislabeling of appellant's petition as a Writ of Habeas Corpus. At the hearing on the petition, defense counsel clarified to the court the petition was for Writ of Mandate, and the trial court thereafter accepted the People's Informal Response over appellant's objection to its form.

[4]    Appellant also offers several criticisms regarding the performance of his court-appointed attorney when representing his interests before the trial court on this matter. For example, he criticizes defense counsel's willingness to stipulate to deciding the matter on the papers without calling witnesses and his failure to respond to the merits of the People's Informal Response. However, appellant does not raise any actual claim of

was justified because, despite his due diligence, he was unaware of the legal basis for seeking to withdraw his plea and to remove the registration requirement. Second, appellant contends the People failed to present substantial, competent evidence that it was prejudiced by his delay in filing the petition, an essential element of the People's defense. In a related argument, appellant further contends the trial court erroneously placed upon him the burden of proving the People were *not prejudiced* by his delay. We reject appellant's arguments for reasons to follow.

"A petitioner will be expected to demonstrate due diligence in pursuing potential claims. If a petitioner had reason to suspect that a basis for [writ] relief was available, but did nothing to promptly confirm those suspicions, that failure must be justified.' [Citation.]" (*In re Douglas* (2011) 200 Cal.App.4th 236, 244; see also *People v. Kim* (2009) 45 Cal.4th 1078, 1097-1098 [the requirement that a defendant show due diligence in pursuing a claim applies to many types of petitions for extraordinary relief, including collateral attacks on the validity of a plea].) "A petition that has been substantially delayed may nevertheless be considered on the merits if the petitioner can establish good cause for the delay, such as investigation of a potentially meritorious claim, or to avoid the piecemeal presentation of claims." (*In re Douglas, supra,* 200 Cal.App.4th at p. 244.) However, "even constitutional error may be waived by unjustified or unexplained delay." (*Id.* at p. 245.)

In this case, the parties agree the timeliness of appellant's petition should be judged within the confines of the doctrine of "laches." This affirmative defense, which the People raised as a procedural bar to appellant's claim in its Informal Response, "requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." (*Conti v. Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 359 [fn. omitted].) "Prejudice is never presumed; rather it must be affirmatively demonstrated by the defendant in order to

ineffective assistance of counsel. As such, we limit our review to the actual issues raised by appellant on appeal.

4

sustain his burdens of proof and the production of evidence on the issue." (*Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.)

"Generally speaking, the existence of laches is a question of fact to be determined by the trial court in light of all of the applicable circumstances, and in the absence of manifest injustice or a lack of substantial support in the evidence its determination will be sustained." (*Miller v. Eisenhower Medical Center, supra,* 27 Cal.3d at p. 624.) Thus, "the trial court exercises a wide discretion in deciding whether to sustain a defense of laches[.]" (*Conti v. Board of Civil Service Commissioners, supra,* 1 Cal.3d at p. 357.)

We first consider whether appellant's delay was reasonable. The significant facts are not in dispute. Appellant acknowledges becoming aware of the registration requirement of his plea deal no later than 1998, when he was found in violation of the terms of his parole. However, he insists the timeliness of his petition must be measured from the time he or his counsel became aware of the legal basis for his claim, which, he contends was not until 2006, 2007 or perhaps even 2010, when new governing case law was decided – to wit, *People v. Hofsheier* (2006) 37 Cal.4th 1185, *People v. Zaidi* (2007) 147 Cal.App.4th 1470 and *People v. Picklesimer* (2010) 48 Cal.4th 330. However, as the trial court noted, appellant's argument is flatly contradicted by other California decisions that have long-recognized that a defendant subject to the " 'substantial' and 'onerous' burden" of sex offender registration (*People v. Hofsheier, supra,* at p. 1197) has a right to be advised of this registration requirement upon conviction of a statutorily enumerated offense. (*In re Birch* (1973) 10 Cal.3d 314, 321.)

Indeed, as appellant's own authority states: "Under long and well-established principles, a trial court is obligated to advise a defendant of the direct consequences of a plea of guilty or no contest to a felony or misdemeanor before it takes the plea. [Citations.] This obligation includes the duty to advise of the requirement to register as a sex offender upon conviction of a statutorily enumerated offense. (*In re Birch* (1973) 10 Cal.3d 314, 321 [110 Cal.Rptr. 212, 515 P.2d 12] (*Birch*).) Failure to advise of the sex registration requirement is error. (*People v. McClellan* (1993) 6 Cal.4th 367, 376 [24 Cal.Rptr.2d 739, 862 P.2d 739].)" (*People v. Zaidi, supra,* 147 Cal.App.4th at p. 1481.)

Moreover, our own review of the case law confirms this issue was indeed decided years before appellant first sought relief from the terms of his plea.  (*In re Birch, supra*, 10 Cal.3d at p. 316 ["we have concluded that petitioner's conviction must be set aside because the record does not reveal [he] was properly advised prior to his plea either of his right to counsel or of the sex registration requirement"]; *People v. McClellan, supra,* 6 Cal.4th at p. 376 ["Our initial inquiry, whether the trial court's failure to advise defendant of the sex offender registration requirement violated its obligation to inform him of the direct consequences of the plea, easily is answered. . . .  In *Bunnell v. Superior Court* (1975) 13 Cal.3d 592 . . . , we cited the registration requirement contained in section 290 as an example of the plea consequences of which a defendant must be informed. (*Bunnell, supra*, at p. 605 . . . ; see also *In re Birch, supra*, 10 Cal.3d 314, 322 [registration requirement constitutes a 'grave and direct consequence of [the defendant's] guilty plea; in the absence of counsel the responsibility for such advice rested with the court'].) We therefore conclude that *Bunnell* error has occurred where the trial court fails to advise a defendant that, as a consequence of his or her plea of guilty to any one of the offenses enumerated in section 290, the defendant must register as a sex offender"].)

Further, as appellant acknowledges, the court in *People v. Zaidi* simply clarified that, when complying with the legal duty under section 290 to inform a defendant of the sex offender registration requirement, the trial court must "specify that the registration obligation is lifelong."  (147 Cal.App.4th at p. 1481.)  However, this clarification regarding the lifelong nature of the registration obligation could not have impacted appellant's decision to seek relief from his plea because, according to his own petition, he was not advised of the registration requirement *at all*.

Appellant also relies on the more recent decision of *People v. Picklesimer* to justify his delay.  Appellant explains that, in "September 2009, after the decisions in *Hofsheier* and *Zaidi*, but before the decision in *Picklesimer*, [he] filed *habeas corpus* petitions in the Lake County Superior Court, No. CR918912 . . . . and thereafter in this Court (No. A127396) . . . ."  Appellant acknowledges his 2009 habeas petition was also denied as being untimely, a decision this court affirmed on appeal and the California

Supreme Court, on May 20, 2010, declined to review. Nonetheless, appellant contends he should have been permitted to file an even-later petition for writ of mandate based upon the California Supreme Court's March 2010 decision clarifying that, for persons such as appellant, who are no longer in custody and whose appeals are final, "claims for *Hofsheier* relief—relief from mandatory lifetime sex offender registration based on equal protection — must be brought by way of a petition for writ of mandate in the trial court." (*People v. Picklesimer, supra,* 48 Cal.4th at p. 335.) We again disagree with appellant's argument. The fact that this California Supreme Court decision may have clarified the proper procedural vehicle for plaintiffs seeking such relief does not mean plaintiffs with valid claims prior to this decision were left without legal recourse. As appellant's own authority makes clear, longstanding California law requires that "[f]or every wrong there is a remedy." (Civ. Code, § 3523). Appellant's habeas petition was denied as untimely, not because of its procedural label. Moreover, the California Supreme Court thereafter declined to review the denial of his petition just months after *People v. Picklesimer* was decided. If the California Supreme Court had found any merit to appellant's claim, we doubt it would have denied review of his case solely because he filed the wrong type of petition, particularly given the court's obvious awareness of the confusion regarding the proper type of petition prior to *People v. Picklesimer.* (See, e.g., *Murgia v. Municipal Court for Bakersfield Judicial Dist.* (1975) 15 Cal.3d 286, 294, fn. 4 ["Although no clear California statutory authority provides for such a pretrial motion to dismiss, we have no doubt in light of the constitutional nature of the issue as to the trial court's authority to entertain such a claim"].)

Turning now to the remaining issue of prejudice, appellant insists no competent evidence was presented to support the People's argument that they would face an unjust burden if required to retry his 20-year-old criminal case due to the death in October 2004 of Ms. Collins, the only witness to his crime aside from the victim. Rather than directly challenge the fact of this witness's death, or the importance of her testimony to any retrial, appellant challenges the *form* of the People's responsive papers. Specifically, he contends laches cannot apply because the People filed an unverified "Informal Response"

7

(with attached documents) to his petition rather than a proper, verified Return. Accordingly, appellant reasons, neither the response itself nor the attached documents constitute competent evidence of prejudice, meaning the trial court must have placed the burden on him to *disprove* prejudice. We reject appellant's arguments.

First, we quickly dispose of any issue regarding the People's labeling of its pleading as an Informal Response rather than a Return: " '[T]he label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading.' [Citations.] Assuming the pleading that has been filed meets or can be amended to meet the prerequisites for a petition for writ of mandate, a court in its discretion may treat a motion or a petition for a different writ as a mislabeled petition for writ of mandate." (*People v. Picklesimer, supra,* 48 Cal.4th at p. 340.) We conclude this rule applies here to the trial court's decision to accept the People's pleading despite its mistaken label. Not only did the trial court request that the People file an "Informal Response" (after mistakenly assuming appellant filed a habeas petition rather than a petition for writ of mandate), the People's response, however labeled, did just what the law required – to wit, it addressed the merits of appellant's request for relief by raising the affirmative defense of laches. Accordingly, there is no basis for declining to consider the People's responsive arguments based merely on the label of its document.

We likewise dismiss appellant's challenge to the People's pleading on the ground that it lacks verification. In writ proceedings, as in civil actions, answers filed by public entities generally need not be verified. (Code Civ. Proc., § 446; see *id*., § 1109; *Crowl v. Com'n on Professional Competence* (1990) 225 Cal.App.3d 334, 342 ["in a writ proceeding, as in a civil action, the answer filed by a school district, a public entity, need not be verified"].) While at least one appellate decision has held that verification by a public entity is required if the pleading is to be used as evidence of facts, see *People v. Superior Court* (*Alvarado*) (1989) 207 Cal.App.3d 464, 470, there is also a requirement under California law that the *petitioner* in writ proceedings attempt to controvert allegations raised in the respondent's pleading or proof if, indeed, the petitioner disputes

8

them. As explained by our appellate colleagues in the Sixth District when addressing a comparable argument: "Plaintiffs' claim that defendants have not made a 'competent' showing of the predicate facts also overlooks the most pertinent rule of law, which is that in writ proceedings, ' "affirmative allegations of the answer are to be taken as true, unless they are countervailed by pleading or proof presented by the petitioner; to this extent *the answer may be considered as if it were evidence*." ' [Citations]; see 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 202, p. 1106.) Defendants' return was, for these purposes, an 'answer' to the petition. (See *id*., § 197, p. 1100; Code Civ. Proc., § 1089; Cal. Rules of Court, rule 8.487(b)(1).) Plaintiffs have not attempted to controvert the cited allegations by pleading or proof. They have not so much as suggested that those allegations are false. They merely assert that defendants have not substantiated their allegations with 'competent' or 'admissible' evidence. Under the foregoing principle, no such substantiation was required." (*Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1408-1409.) Appellant in no way suggests the People are falsely or erroneously asserting that Ms. Collins died in October 2004, rendering her unavailable for any future retrial. To the contrary, appellant's counsel stipulated in the trial court to submitting this case on the parties' "filed Points and Authorities and argument, without calling witnesses." Nonetheless, he now attempts for the first time on appeal to challenge the People's position as not supported by competent evidence. Following *Epstein v. Superior Court*, we reject this legal tactic as both untimely and inappropriate.

The same is true for appellant's related challenge to the documents attached to the People's Informal Response, which he labels unauthenticated hearsay. California law is clear that a verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: "(a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and [¶] (b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and that the error or errors complained of resulted in a miscarriage of

9

justice." (Evid. Code, § 353.) First, there is no record of any objection raised by appellant to this evidence. Second, even assuming for the sake of argument the documents should have been excluded, we can conceive of no possible miscarriage of justice engendered by their admission. Contemporaneous police records and a district attorney report of an individual's death are inherently trustworthy given the public nature of the underlying facts. Moreover, appellant concedes in his brief the dead witness's statements in his 1992 criminal case "contradicted the [victim's statements] in material respects," which, without more, demonstrates the prejudice to the People of having to retry the case in her absence. Under these circumstances, we can conceive of no manner in which appellant was harmed by the court's reliance on the documents attached to the People's response. Accordingly, we stand by the trial court's finding of prejudice based on the People's pleading and accompanying documents, even in the absence of verification. (*In re Douglas, supra,* 200 Cal.App.4th at p. 246 ["when a habeas petitioner succeeds in obtaining a new trial, the ' "erosion of memory" and "dispersion of witnesses" that occur with the passage of time,' [citation], prejudice the government and diminish the chances of a reliable criminal adjudication"], citing *McClesky v. Zant* (1991) 499 U.S. 467, 491.)

Thus, because appellant did not file this petition until 2010 despite learning no later than 1998 of the lifelong requirement that he register as a sex offender and despite being on constructive notice since that time of the existence of a legal basis for seeking to set aside his plea based on his lack of notice before entering his plea, we conclude his claim is indeed barred by laches. The judgment thus stands.[5]

---

[5] Because we affirm the judgment on these grounds, we need not consider the People's arguments, raised for the first time on appeal, that appellant failed to name a proper respondent and to file his petition in the proper forum.

## DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.