[No. 18225.   Department One. — September 12, 1893.]

HERMAN W. HOPPE ET AL., APPELLANTS, *v.* JULIA HOPPE, APPELLANT.   W. A. FOUNTAIN, RESPONDENT.

APPEAL BOND — STAY OF PROCEEDINGS — FORECLOSURE OF MORTGAGE — WASTE. — Where the undertaking, upon appeal from a judgment directing a receiver to make sale of mortgaged premises, is only the ordinary three-hundred-dollar bond for the costs of appeal, and makes no provision against the commission of waste, it is insufficient to operate as a stay of proceedings.

ID. — SALE OF PROPERTY PENDING APPLICATION FOR SUPERSEDEAS. — Where the property has been sold for the amount of the mortgage claim by which the judgment was satisfied, before the hearing of an application for a writ of *supersedeas*, the application must be denied.

ID. — OBJECT OF SUPERSEDEAS — JUDGMENT EXECUTED. — The object of a writ of *supersedeas* is to stay proceedings in the trial court upon the judgment appealed from and to suspend its enforcement until a determination of the appeal, but if the judgment has been executed, there is nothing upon which the *supersedeas* can act, and the application for the writ will be denied.

APPLICATION for a writ of *supersedeas* of execution upon a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Armstrong & Platnauer,* and *Henry C. Ross,* for Appellants.

*Clinton L. White,* for Respondent.

HARRISON, J. — Application for a writ of *supersedeas.*

The above-named plaintiffs, claiming to be the owners of an undivided interest in certain lands, brought an action in partition against the defendants, Julia Hoppe and W. A. Fountain, alleging that the latter held a mortgage upon the land, exe-

cuted to him by his co-defendant Julia. Fountain also brought
an action against Julia to foreclose his mortgage, and thereafter,
by an order of court, the two actions were consolidated. The
court sustained defendant's demurrer to the claim of the peti-
tioners for the partition of the land, and rendered judgment in
his favor against Julia for a foreclosure of his mortgage and a
sale of the lands. This judgment does not refer to the claim
for partition, but is limited to the claim on the mortgage, and
it does not appear that the determination of the court upon the
partition claim has passed into a judgment. From this judg-
ment separate appeals have been taken, one by the petitioners
herein, and one by the defendant Julia.

By the terms of the judgment appealed from, a receiver is
appointed who is directed to make sale of the mortgaged prem-
ises, and out of the proceeds of said sale to pay the amount of
the plaintiffs' mortgage claim, and report the deficiency, if any,
to the court. The defendant is also directed to deliver immedi-
ate possession of the premises to the said receiver, who is also
directed to retain possession thereof until a redemption from
said sale shall be made, or until the time for such redemption
has expired, and thereupon to execute a deed to the purchaser.
Upon this judgment an order of sale was issued to the receiver,
and after he had advertised the land for sale, the plaintiffs in
the partition suit gave notice that they would apply to this court
for a stay of proceedings pending the appeal. Before the day
noticed for the hearing, the receiver had, however, sold the land
in accordance with the directions of the judgment, for the amount
of the mortgage claim by which the judgment was satisfied.

Section 945 of the Code of Civil Procedure provides: "If
the judgment or order appealed from direct the sale or delivery
of possession of real property, the execution of the same cannot
be stayed, unless a written undertaking be executed on the part
of the appellant, with two or more sureties, to the effect that
during the possession of such property by the appellant he will
not commit, or suffer to be committed, any waste thereon." The
undertaking given by the appellants in the present case is only
the ordinary three-hundred-dollar bond for costs of appeal, and
makes no provision against the commission of waste.

The object of a *supersedeas* is to stay proceedings "in the

court below upon the judgment appealed from," and to suspend the enforcement of that judgment until the appeal has been determined. (*Dulin* v. *Pacific Wood & Coal Co.*, 98 Cal. 304.) If, however, the judgment has been executed, there is no further action to be taken thereon by the court below, and, consequently, nothing upon which the *supersedeas* can act.

It follows, therefore, that the undertaking on appeal was insufficient to operate as a stay of proceedings, and that, even if, it had been sufficient therefor, the petitioners did not make their application in time to have any order of this court effective, and their motion is therefore denied.

GAROUTTE, J., and PATERSON, J., concurred.