[L. A. No. 29095. In Bank. Oct. 25, 1966.]

THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Petitioner, v. THE DISTRICT COURT OF APPEAL,
Second Appellate District, Division One, Respondent;
WAYNE HARBRO CHRISTENSEN et al., Real Parties
in Interest.

Harold W. Kennedy, County Counsel, Donald K. Byrne and Wayne R. Parrish, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Ivan E. Lawrence and John K. Carmack for Real Parties in Interest.

McCOMB, J.—The Superior Court of Los Angeles County (hereinafter referred to as "petitioner") has petitioned for (1) a writ of mandate directing the District Court of Appeal, Second Appellate District, Division One (hereinafter referred to as "respondent"), to vacate a writ of supersedeas issued by it with respect to a certain adoption matter heretofore filed in petitioner and now pending on appeal in respondent and (2) a writ of prohibition restraining and enjoining respondent from taking further proceedings in the matter until it has heard and disposed of the appeal.

*Facts*: June 30, 1966, a petition for adoption of Scott James Richardson by Wayne and Madeline Christensen (hereinafter referred to as "real parties in interest") was denied by petitioner, and the minor child was ordered removed from the

home of real parties in interest. The basis for petitioner's denial was the fact that real parties in interest are deaf-mutes.

The same day the child was placed by the Los Angeles County Bureau of Adoptions (hereinafter called "the bureau") with foster parents pending resolution of the controversy.

July 1 real parties in interest filed a notice of appeal.

July 21 real parties in interest petitioned respondent for a writ of mandate and alternatively for a writ of supersedeas and a stay pending determination of the appeal.

July 25 respondent issued a writ of supersedeas, ordering that the portion of the decree in the adoption matter requiring the minor child to be removed from the home of real parties in interest and committed to the temporary care and custody of the bureau be stayed pending determination of the appeal or until further notice of the court.

July 27 respondent issued a second writ of supersedeas. In this order, in addition to staying execution as in the writ issued July 25, respondent stated that it was its intention to preserve the "status quo" pending determination of the appeal in the adoption matter and ordered that the child be returned to the custody of real parties in interest forthwith.

July 28 the child was returned to the custody of real parties in interest, pursuant to the writ.

July 29, upon the application of petitioner, respondent issued a five-day stay of issuance of its writ of supersedeas pending submission of the present petition to this court.

August 3 real parties in interest returned the child to the bureau, and the bureau placed him in a foster home under the supervision of Evelyn Mason, a foster parent. Evelyn Mason is a sister of real party in interest Madeline Christensen, and real parties in interest are allowed visiting privileges in her home.

The bureau was not served with copies of the petition which was the basis of the issuance of the writs above mentioned.

*Questions*: First. *May a writ of supersedeas be issued to stay an order which has already been executed?*

*No.* Supersedeas will not lie to stay an order which has already been executed. (*Estate of Dabney,* 37 Cal.2d 402, 411 [10] [232 P.2d 481] ; *Hoppe* v. *Hoppe,* 99 Cal. 536, 538 [34 P. 222].)

Under the facts of the present case, the order which respondent attempted to stay had been executed 27 days before it was "stayed." Thus, respondent was without jurisdiction to direct such a writ.

■ Second. *If the order issued by respondent is treated as a writ of mandate, did respondent have jurisdiction to issue it, in view of the fact that no notice of the application for the writ was given to the bureau?*

*No.* Section 1088 of the Code of Civil Procedure provides: "When the application to the court is made without notice to the adverse party, and the writ is allowed, the alternative must be first issued; but if the application is upon due notice and the writ is allowed, the peremptory may be issued in the first instance. With the alternative writ and also with any notice of an intention to apply for the writ, there must be served on each person against whom the writ is sought a copy of the petition. . . ."

In the instant case, no notice was given to the bureau. Hence respondent did not have jurisdiction to issue a writ of mandate directing it to return the child to real parties in interest.

Real parties in interest cite *Adoption of Cox*, 58 Cal.2d 434 [24 Cal.Rptr. 864, 374 P.2d 832], in which this court ordered the natural parents to return the child to the prospective adoptive parents. In that case, however, the natural parents were undoubtedly served with notice.

■ Third. *Is petitioner entitled to a writ of prohibition?*

*No.* Although under the rules hereinabove stated petitioner is entitled to the writ of mandate sought, it would appear that there are no grounds warranting issuance of a writ of prohibition herein.

Since petitioner has original jurisdiction during pendency of the appeal to modify the custody provisions (Code Civ. Proc., § 949a; *Mancini* v. *Superior Court*, 230 Cal.App.2d 547, 554 [7] [41 Cal.Rptr. 213]), it is conceivable that respondent may later be requested to take action deemed necessary to protect the welfare of the child. It would therefore be inappropriate for us at this time to foreclose respondent from taking any further action in the matter prior to determination of the appeal.

■ Fourth. *Will a change in custody be required if respondent is ordered to vacate the writ of supersedeas?*

*No.* Real parties in interest have access to the home in which the child has been placed, and they assume that if the relief herein sought is granted, a further change in the custody of the child will occur, since in that event petitioner's order that the child be removed from their home would be in effect. The result they fear, however, would not necessarily follow.

The bureau has discretion to make a change in the custody of the child if satisfied the best interest of the child requires it. However, as pointed out by this court in *Adoption of Cox, supra,* 58 Cal.2d 434, 442, continually changing the custody of a child can be harmful to the child; and it must be assumed that the bureau will not make unnecessary changes in the custody.

Since the bureau has undoubtedly satisfied itself that the home of Evelyn Mason is a suitable foster home for the child, and since a determination by petitioner that it would not be in the best interest of the child to be reared in the home of real parties in interest because they are deaf-mutes does not necessarily include a determination that it would be harmful to the child to have any contact with real parties in interest, it may well be that the bureau will see fit to leave the child in its present foster home pending determination of the appeal.[1]

█ Real parties in interest point out that the child was originally placed with them for adoption by his natural mother, and they argue that when petitioner denied their petition for adoption, it had no jurisdiction to order custody of the child turned over to the bureau. This question, however, is not properly before us in this proceeding, and should, rather, be determined in the appeal now pending in respondent.

Respondent is directed to vacate the writ of supersedeas dated July 27, 1966, and the writ of prohibition is denied without prejudice to the right of real parties in interest to

---

[1]Real parties in interest have filed herein an affidavit, dated August 9, 1966, by the child's attending physician, Neil N. Litman, M.D., a professor at U.C.L.A. School of Medicine, reading: ''I examined the above-named child on August 9, 1966. There had been a dramatic change in the child since his previous examination July 29, 1966 [the day after real parties in interest regained custody of the child after his residence in another foster home for approximately a month]. He was now happy, content, he sat up without support and walked hanging on. In addition, he had gained 8 ounces in this 11-day period, his weight being 16 pounds, 6 ounces, compared to 15 pounds, 14 ounces on July 29, 1966. The weeping skin lesions previously noted had completely healed.

''There is no question in my mind that the improvement in the child's physical and neurological well-being is directly related to his renewed exposure to Mr. and Mrs. Wayne Christensen. In my opinion it would be tragic and disastrous for this child to be denied the care of this family in the future.''

298

seek a writ of mandate in the District Court of Appeal after proper notice.

This order is final forthwith.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

On November 23, 1966, the opinion was modified to read as printed above.