[No. B048280. Second Dist., Div. Three. Apr. 9, 1990.]

CHRISTOPHER KYLE HUFFMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE MUNICIPAL COURT FOR THE COMPTON JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Jane E. Newman and Henry J. Hall, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

De Witt W. Clinton, County Counsel, and Marion Douglas, Deputy County Counsel, for Real Party in Interest.

OPINION

THE COURT.*—Christopher Kyle Huffman, an indigent defendant, seeks a free transcript of a prior mistrial. We issued a notice of intent to grant the petition pursuant to *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]. By letter, the office of the district attorney declined to file opposition. The office of the county counsel filed opposition on behalf of the court.

We hold: (1) Huffman is entitled to the relevant portions of the transcript of the mistrial; (2) the preparation of the transcript is a charge against the county treasury only when an order for its preparation is made by the court; (3) no rational alternative funding has been established; and (4) the court has the ultimate responsibility to insure payment for the preparation of the transcript. We therefore find Huffman is entitled to a court order providing funding for the transcript. The writ is granted.

BACKGROUND

On September 15, 1989, Huffman was acquitted on several counts alleged in the misdemeanor complaint but there was a hung jury on two counts. Trial was rescheduled on charges of assault and resisting arrest.

Huffman, represented by the public defender's office, sought a transcript of the mistrial to be provided at public expense. Defense counsel alleged (1) Huffman is indigent,[1] and (2) the transcript is necessary to rebut or to impeach the witnesses on retrial.

---

*Before Danielson, Acting P. J., Croskey, J., and Pounders, J.†

†Assigned by the Chairperson of the Judicial Council.

[1] The required showing of indigency to obtain a free transcript was expressedly equated with the showing for representation by the public defender in *Shuford* v. *Superior Court* (1974) 11 Cal.3d 903, 906 [114 Cal.Rptr. 601, 523 P.2d 641].

In October 1989, the municipal court denied the motion, informing defense counsel the place to seek funding was the public defender's office or the board of supervisors.

On December 21, 1989, defense counsel again requested the transcript, providing a declaration that the office of the public defender has no funding to purchase transcripts for indigent defendants. The municipal court again denied the motion without giving a reason.

Huffman then filed a petition for writ of mandate in the superior court, which petition was denied by the superior court. This petition followed.

### DISCUSSION

#### A. *The Right to a Transcript*

■ Equal protection principles require an indigent criminal defendant be provided with "the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. . . . [T]he State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." (*Britt* v. *North Carolina* (1971) 404 U.S. 226, 227 [30 L.Ed.2d 400, 403, 92 S.Ct. 431].)

The federal standard for determination of the issue is "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." (404 U.S. 226, 227 [30 L.Ed.2d at pp. 403-404].)

In *People* v. *Hosner* (1975) 15 Cal.3d 60, 66 [123 Cal.Rptr. 381, 538 P.2d 1141], our Supreme Court adopted the federal standard, holding a defendant is presumptively entitled to a transcript of a prior mistrial in a criminal proceeding. The burden is on the prosecution to overcome the presumption or to show an available alternative device would fulfill the same function as a transcript. (*Ibid.*)

The prosecution has never disputed Huffman's entitlement to a free transcript of the prior mistrial. The *right* to a transcript is not at issue. Funding for the transcript is the issue.

#### B. *The Source of Funding for the Transcript*

Government Code section 69952 provides: "The court may specifically direct the making of a verbatim record and payment therefor shall be from the county treasury on order of the court in . . . [¶] (1) Criminal matters."

Funding for an indigent's transcript of a prior trial was discussed in *People* v. *Contreras* (1981) 127 Cal.App.3d 248 [176 Cal.Rptr. 589], which holds the defendant's right to a free transcript is paramount. In *Contreras,* the trial court denied the request for transcript without prejudice to its renewal if no alternate source of public funding could be arranged, directing the public defender to arrange payment out of its own budget, augmented, if necessary, by a supplemental appropriation of county funds.

Defense counsel did not again seek the court's assistance in securing a free transcript despite the invitation to do so if alternate measures were unsuccessful. (127 Cal.App.3d at pp. 252-253.) Based on the silent record, the *Contreras* court concluded defendant had either secured a transcript or counsel from neglect or for tactical reasons was without a transcript. (*Id.* at p. 253.) A suggestion was made that defendant's remedy might be to raise an ineffective assistance of counsel issue. (*Ibid.*)

Nothing in *Contreras* indicates the office of the public defender or the county board of supervisors should pay for a transcript for an indigent criminal defendant absent a court order. *Contreras* holds only: (1) the record was silent as to whether the defendant had actually obtained a transcript; and (2) the court is not precluded from exploring an alternate method of public funding. (127 Cal.App.3d at 253.)

*Rutkowski* v. *Municipal Court* (1983) 146 Cal.App.3d 248 [194 Cal.Rptr. 88] rejected an order requiring the public defender's office to pay for a transcript for an indigent defendant. ■ *"The preparation of an indigent's transcript becomes a charge against the county treasury only when an order for its preparation is made by the judge.* [Citations.] Accordingly, it is the courts which hold the ultimate statutory power and *have been vested with the responsibility to insure payment for transcripts provided to indigent defendants."* (*Id.* at p. 251, italics added.)

*Rutkowski* holds a court may not shift its responsibility to insure payment without establishing a "rational fiscal alternative." (146 Cal.App.3d at p. 251.)

A municipal court may explore and implement alternative "rational funding options" within its county. The plan must be "feasible, rational, and consistent with the court's ultimate responsibility to insure that payment is made through its powers under Government Code section 69952." (146 Cal.App.3d at p. 251, fn. 2.)

C. *Application Here*

Huffman is presumptively entitled to a transcript which must be provided from public funds.

The first order of the municipal court was perhaps a proper attempt to "explore" possible funding options. However, the deputy public defender returned to court with evidence no funding was available from the office of the public defender for payment of transcript costs for indigent defendants.

The court's suggestion an application be made to the county board of supervisors is not a "rational funding alternative."

Only the court has power to order the preparation of an indigent's transcript at public expense. (Gov. Code, § 69952; *Rutkowski* v. *Municipal Court, supra*, 146 Cal.App.3d at pp. 250-251.) The board of supervisors has no authority to determine whether or not a defendant is entitled to a transcript and, absent a court order, has no power to enter the costs of an indigent's transcript as a charge against the county treasury.

The prospect of appointed defense counsel and indigent in propria persona defendants, accompanied by armed guards supplied at public expense, making appearances before the board of supervisors to seek funding for transcripts is an absurdity.

Even if such a procedure could be implemented, the indigent defendant retains his due process and statutory right to return to the court to seek funding for the transcript if funding is denied by the board of supervisors. The suggested additional step in obtaining funding would impose an unnecessary burden on indigent defendants, the county, and the board of supervisors without relieving the court of its responsibility to insure payment for transcripts provided to indigent defendants.

No "rational fiscal alternative" has been established by the trial court and none has been suggested by county counsel.

## DISPOSITION

Let a peremptory writ issue directing the respondent court to vacate its order denying the request for transcript and to enter in its place an order in accord with the views expressed herein.