[No. B053656. Second Dist., Div. Two. Jan. 2, 1991.]

ALBERTO FLORES FLORES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Howard Waco and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**KLEIN (B.), J.\***—A defendant in a criminal action seeks a writ of mandate to establish the timeliness of his Code of Civil Procedure section 170.6 challenge to the superior court judge to whom the case was assigned for all purposes.

By complaint, petitioner was accused of felonious assault with a deadly weapon causing great bodily injury. (Pen. Code, §§ 245, subd. (a)(1); 12022, subd. (b); 12022.7.) The preliminary examination was held September 18,

---

\* Assigned by the Chairperson of the Judicial Council.

1990. At its conclusion, the magistrate bound petitioner over for trial. The magistrate set arraignment for October 2, 1990, in department NV-E of the Los Angeles Superior Court, before Judge Ronald S. Coen.

The North Valley District of the Los Angeles Superior Court had promulgated (on September 4, 1990) and published (on September 14, 1990) a policy memorandum notifying attorneys that four departments in that district, including department NV-E, were designated as "direct calendar courts," and that any case assigned to such a court for arraignment is assigned to the judge presiding in that court for all purposes, including trial. This policy memorandum identified Judge Coen as the judge presiding in department NV-E.

Petitioner appeared for arraignment in department NV-E on October 2, 1990, Judge Coen presiding. Judge Coen appointed the public defender to represent petitioner. Petitioner then filed his Code of Civil Procedure section 170.6 challenge to Judge Coen.

A 1989 amendment added the following sentence to Code of Civil Procedure section 170.6, subdivision (2): "If directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance."

Relying on this statute, the superior court struck petitioner's Code of Civil Procedure section 170.6 challenge as untimely filed. This petition followed.

■ We cannot fault respondent court's laudable efforts to control and manage its criminal calendar. Nonetheless, the action against petitioner was commenced on October 2, 1990, by the filing in superior court of a felony information against him, and he entered his appearance in that action on October 2, 1990, when he appeared for arraignment. The criminal proceeding was not commenced by the filing of the complaint with the magistrate. (*People* v. *Case* (1980) 105 Cal.App.3d 826, 833-834 [164 Cal.Rptr. 662].)[1] Hence, the statute relied on by the trial court did not require petitioner to file his challenge to Judge Coen until 10 days after October 2.

It is thus unnecessary to rule on the validity of the policy memorandum promulgated by the North Valley District, which petitioner contends was not adopted in compliance with statute. (See Gov. Code, § 68071.) Nor

---

[1] Moreover, petitioner, an indigent, was apparently unrepresented by counsel between the conclusion of his preliminary examination and the appointment of the public defender on October 2.

need we rule on petitioner's contention that a case is not truly assigned to a judge for all purposes if the case might subsequently be transferred to another judge.

The alternative writ is discharged. Let a peremptory writ of mandate issue, commanding respondent court to vacate its order of October 2, 1990, striking petitioner's Code of Civil Procedure section 170.6 motion, and enter a new and different order granting the motion.

Gates, Acting P. J., and Fukuto, J., concurred.