[No. S022821. Sept. 9, 1993.]

THE MUNICIPAL COURT FOR THE EAST LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; RAMON MARTINEZ GONZALEZ, Real Party in Interest.

## Counsel

De Witt W. Clinton, County Counsel, Anthony P. Serritella and Eric S. Oto for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, JoMarie De Payne and John Hamilton Scott, Deputy Public Defenders, for Real Party in Interest.

## OPINION

**BAXTER, J.—** ■ We granted review in this matter to determine whether a municipal court has standing to initiate an action in mandamus (Code Civ. Proc., § 1085) against a superior court to set aside a ruling of the superior court, and, if so, whether a municipal court's practice of using court commissioners to make the probable cause determination required by *County of Riverside* v. *McLaughlin* (1991) 500 U.S. 44 [114 L.Ed.2d 49, 111 S.Ct. 1661] is constitutionally and statutorily permissible.

The latter question arose when petitioner, the Municipal Court for the East Los Angeles Judicial District (Municipal Court) assigned commissioners to determine whether probable cause existed to detain defendants arrested without warrants for further proceedings. That determination was mandated by *Gerstein* v. *Pugh* (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854]. Because *County of Riverside* v. *McLaughlin, supra,* 500 U.S. 44, held that the determination must be made within 48 hours of the arrest, commissioners were assigned for this purpose on weekends.

Real party in interest challenged his continued detention following a finding of probable cause by a commissioner. Respondent superior court granted his petition for writ of habeas corpus after a hearing at which the Municipal Court was represented. When the People failed to appeal from that ruling, the Municipal Court initiated the instant proceeding. The petition was summarily denied by the Court of Appeal. This court granted review and transferred the matter back to the Court of Appeal with directions to issue an alternative writ. After doing so, the Court of Appeal held that the Municipal Court lacked standing to prosecute the mandate proceeding, and denied the petition for writ of mandamus without reaching the second question. We again granted review.

After review we conclude that the opinion of the Court of Appeal, authored by Acting Presiding Justice Herbert L. Ashby and concurred in by Justices Roger W. Boren and Margaret M. Grignon, correctly holds that the Municipal Court lacks standing to maintain this action. We therefore, adopt

that opinion as the opinion of this court. The opinion (with appropriate deletions and additions) is as follows:[1]

[]

DISCUSSION

[]

 It is fundamental that an action must be prosecuted by one who has a beneficial interest in the outcome. In a mandamus proceeding, it is the parties [in the underlying proceeding], not the courts [whose rulings are challenged], which have a "beneficial interest" in the outcome of a case; the role of the respondent court is that of a neutral party. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 189-190 [137 Cal.Rptr. 460, 561 P.2d 1148]; *Municipal Court* v. *Superior Court* (*Swenson*) [(1988)] 202 Cal.App.3d [957,] 961 [249 Cal.Rptr. 182]; *Municipal Court* v. *Superior Court* (*Sinclair*) [(1988)] 199 Cal.App.3d [19,] 24-25 [244 Cal.Rptr. 591].) This is true even where the subject matter of the mandamus proceeding is a ruling which significantly affects the operations of the petitioning court.

In [] [*Municipal Court* v. *Superior Court* (*Sinclair*), *supra*, 199 Cal.App.3d 19], for example, the superior court issued a writ of mandate, sought by defendants charged in municipal court with driving under the influence (DUI), directing the municipal court to discontinue its practice of requiring DUI defendants to reveal on a written waiver form uncharged prior DUI convictions and pending DUI charges in order to enter a guilty plea. The municipal court *and the People* petitioned for a writ of mandate to compel the superior court to vacate its order.

Because the People (a party with a beneficial interest in the outcome) were one of the petitioners, the Court of Appeal decided the petition on the merits, holding that a court may not require a defendant to reveal uncharged priors as a condition of entering a guilty plea. The court further held that the municipal court could not challenge the superior court's ruling by petitioning for a writ of mandate in a higher court, because it was not "beneficially interested" within the meaning of [Code of Civil Procedure section] 1086:

"Clearly the municipal court was not a party to the underlying actions— criminal actions in which the only parties were the People and the individual

---

[1]Brackets together, in this manner [] without enclosing material, are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than publisher's added parallel citations) are, unless otherwise indicated, used to denote our insertions or additions. (See *O'Hare* v. *Superior Court* (1987) 43 Cal.3d 86, 90 [233 Cal.Rptr. 332, 729 P.2d 766].)

defendants charged with violations of the Vehicle Code. The municipal court's rejection of the guilty pleas was challenged by petition for writ of mandate, since the rejection of the pleas was a nonappealable order. Although in the petition process the municipal court whose action was challenged was named as respondent, that court has no other interest in the result than it would have if its ruling had been challenged by appeal. The reviewing court in this case held that the lower court had abridged the defendants' privilege against self-incrimination by requiring them to divulge uncharged priors in order to plead guilty. The lower court may not challenge this ruling by its own action in a higher court merely because one result of the ruling requires the lower court to change a waiver form." ([*Municipal Court* v. *Superior Court* (*Sinclair*), *supra*,] 199 Cal.App.3d at pp. 24-25.)

 [Here, of course, the ruling of the superior court in the underlying habeas corpus proceeding had no impact on the ability of the Municipal Court to continue assigning commissioners to make *Gerstein-McLaughlin* (*Gerstein* v. *Pugh*, *supra*, 420 U.S. 103; *County of Riverside* v. *McLaughlin*, *supra*, 500 U.S. 44) probable cause determinations. The only party bound by the superior court judgment which granted the petition for writ of habeas corpus was the custodian of the habeas corpus petitioner, the Sheriff of Los Angeles County. The superior court did not order the municipal court to discontinue its practice. It ruled only that the habeas corpus petitioner was entitled to be released from custody because no valid determination of probable cause had been made.]

The most extensive discussion of the standing issue is in [] [*Municipal Court* v. *Superior Court* (*Swenson*), *supra*, 202 Cal.App.3d 957]. [] The People filed an affidavit pursuant to Code of Civil Procedure section 170.6 against a Monterey County municipal court judge. The judge honored the affidavit (which was timely under the ["]10-day 5-day rule["]), but did so under duress since he believed the municipal court's calendaring system was identical to the "all-purpose" type assignment described in *Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407 [241 Cal.Rptr. 818] and *Augustyn* v. *Superior Court* (1986) 186 Cal.App.3d 1221 [231 Cal.Rptr. 298]. The defendant (Swenson) petitioned the superior court for a writ of mandate, which was denied. Swenson did not pursue the matter further, but the municipal court filed a petition for writ of mandate (1) declaring the challenge untimely[,] and/or (2) compelling the superior court "to adopt a certain rule concerning Code of Civil Procedure section 170.6 challenges in the municipal court . . . ." ([] [*Municipal Court* v. *Superior Court* (*Swenson*), 202 Cal.App.3d at p. 960.])

The Court of Appeal did not reach the merits of the petition because it concluded that the municipal court lacked standing to file it. The court's

reasoning [in *Municipal Court* v. *Superior Court* (*Swenson*), *supra*, 202 Cal.App.3d 957,] is equally persuasive here:

"In our common law judicial system we rely upon a separation of roles to bring about proper results. The courts' role is to decide cases; the parties' role is to bring cases before the courts. If a party is aggrieved by the ruling of a lower court, he is provided with an avenue of appeal to a higher tribunal by means of an orderly prescribed procedure, and that appellate tribunal may, within limits, alter the lower court's ruling. The system does not provide a procedure for a lower court on its own impetus to ask a higher court to address general administrative or procedural problems within the system. More germane to this case, there is no procedure authorized whereby a municipal court, disagreeing with a superior court's decision on review, may come to the next court in the hierarchy, the [C]ourt of [A]ppeal, and ask it to set the superior court straight. A municipal court may have reason to complain of the treatment of one of its decisions, or its procedures, at the hands of the reviewing court. Nevertheless, the premise under which the judiciary operates is straightforward: if no individual party finds it worth his or her while to champion the cause and seek judicial review, then review will not occur." ([*Municipal Court* v. *Superior Court* (*Swenson*), *supra*,] 202 Cal.App.3d at p. 960.)

In the ensuing discussion, the court noted that the case of a court suing another court was such a rare event that there were only two reported California decisions on the issue: *Municipal Court* v. *Superior Court* (*Sinclair*), *supra*, [199 Cal.App.3d 19] which "says such a lawsuit may not be brought," and the second, *Superior Court* v. *Dist. Court of Appeal* (1966) 65 Cal.2d 293 [54 Cal.Rptr. 119, 419 P.2d 183], a request to vacate a writ of supersedeas issued in an adoption matter, which was distinguishable: "It was apparent that although brought in the name of the superior court, the suit was clearly between interested parties, the named real parties in interest, prospective adoptive parents, and the county bureau of adoption." ([*Municipal Court* v. *Superior Court* (*Swenson*), *supra*,] 202 Cal.App.3d at p. 961.)

The court also cited several federal cases in accord, including *D'Amico* v. *Schweiker* (7th Cir. 1983) 698 F.2d 903, in which the court held that administrative law judges in the Social Security Administration lacked standing to bring a lawsuit challenging an administrative ruling of the Administration which the judges were required to follow. The Seventh Circuit Court of Appeal stated: " [']Although these administrative law judges have a big emotional stake in this case and have invested heavily of their time and money in its vigorous prosecution, they are the wrong people to be raising with us the question whether the challenged instruction is lawful. . . . [¶] . . . Their proper course is to obey the instruction and let any

claimant injured by it ask the courts to set it aside.['] " (698 F.2d at p. 906, cited [] [in *Municipal Court* v. *Superior Court (Swenson), supra,*] 202 Cal.App.3d 963.)

[The Municipal Court argues that this court should adopt a "common-sense" approach in assessing its beneficial interest in obtaining an appellate ruling on the propriety of its use of court commissioners. It seeks to analogize this petition to those brought for the purpose of vindicating a strong public interest. (See *Green* v. *Obledo* (1981) 29 Cal.3d 126 [172 Cal.Rptr. 206, 624 P.2d 256]; *Bd. of Soc. Welfare* v. *County of L.A.* (1945) 27 Cal.2d 98, 100-101 [162 P.2d 627].) The rule it seeks to invoke is inapplicable here. There is no public duty to use court commissioners to make probable cause determinations. No public right would be enforced should the Municipal Court prevail in the mandamus proceeding. (Cf. *Bozung* v. *Local Agency Formation Committee* (1975) 13 Cal.3d 263, 272 [118 Cal.Rptr. 249, 529 P.2d 1017].)]

[In none of the cases on which petitioner relies was a municipal court seeking Court of Appeal review of a superior court judgment that the lower court had erred in the conduct of a case before it.]

Having concluded that petitioner lacks standing to bring this petition, we decline to address the merits of the petition. ■ "In general, California courts have no power in mandamus or otherwise to render advisory opinions or give declaratory relief." *(Municipal Court* v. *Superior Court (Swenson), supra,* 202 Cal.App.3d at p. 961, citing *People* ex rel. *Lynch* v. *Superior Court* (1970) 1 Cal.3d 910, 912 [83 Cal.Rptr. 670, 464 P.2d 126], and *Carsten* v. *Psychology Examining Com.* (1980) 27 Cal.3d 793, 798 [166 Cal.Rptr. 844, 614 P.2d 276].) []

[We end our quotation from the Court of Appeal opinion.]

■ Although this court has exercised its discretion to address an issue of great importance for the guidance of the trial court in future proceedings involving the same parties, both of whom seek resolution by the court (see, e.g., *Dix* v. *Superior Court* (1991) 53 Cal.3d 442 [279 Cal.Rptr. 834, 807 P.2d 1063]), real party in interest here has consistently challenged the petitioner's standing and opposed appellate resolution of the merits of the petition. Moreover, the habeas corpus judgment is final and the matter is moot. For those reasons, and because the underlying issue can be raised by interested parties in another action, there is no reason to address it here.

## DISPOSITION

The Court of Appeal properly declined to address the merits and denied the petition for writ of mandate.

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Panelli, J., Arabian, J., and George, J., concurred.

MOSK, J.—I concur in the judgment. A court suing a court makes the judicial process appear ludicrous.

However, in citing the Court of Appeal opinion the majority gratuitously inject bracketed comment that is questionable. They declare that the ruling of the superior court "had no impact on the ability of the Municipal Court to continue assigning commissioners to make *Gerstein-McLaughlin . . .* probable cause determinations." (Maj. opn., *ante,* at p. 1130.)

While it was true the superior court order did not expressly prohibit use of commissioners in future cases, it clearly demonstrates the court's view of the law. The order reads as follows: "[M]agistrates in California are the judges and justices of the courts. Therefore, commissioners are not authorized to make [*Gerstein-McLaughlin*] probable cause determinations . . . ."

It is difficult to understand how the majority can declare the ruling "had no impact" on assignment of commissioners.

In short, bracketed material inserted by the majority is wholly unnecessary to resolve this case. The Court of Appeal opinion is adequate to that task. With it I agree.

KENNARD, J., Concurring and Dissenting.—This case concerns the power of the municipal courts to initiate extraordinary writ proceedings to challenge questionable superior court rulings that adversely affect their procedures. The majority creates a broad rule that the municipal courts lack "standing" to do so. This rule, which is based on policy considerations that have little to do with standing, is unsupported by statute and will compromise the efficiency of the municipal courts.

I recognize that a court's primary function is to resolve disputes. For many years, however, when a litigant has challenged the legality of judicial procedures designed to enhance efficiency and to control costs, a long line of case authority has allowed the affected court to appear as a party to defend the validity of its procedures. To permit this is in the public interest, for when the viewpoint of the affected court is heard on challenges to its procedures, the efficiency of court operations is protected and the accuracy and fairness of the decisionmaking process is enhanced. Thus, when in the view of the municipal court, a judicial order has a substantial adverse effect

on its operations, and the order appears to be legally unsound, the municipal court has a beneficial interest in defending its procedures and therefore has standing to challenge the order by a petition for writ of mandate.

In this case, however, the ruling that the municipal court sought to challenge had no significant effect on the court's procedures. As a result, although I disagree with the breadth of the majority's holding, I agree with the majority that the petition in this case should be denied.

I

In May 1991, the police, acting without a warrant, arrested real party in interest Ramon Gonzalez for possessing heroin for sale (Health & Saf. Code, § 11351), and took him into custody. Two weeks earlier, the United States Supreme Court had held that any person arrested without a warrant and held in custody must within forty-eight hours be given a judicial evaluation of the grounds for arrest, to determine whether the detention is supported by probable cause. (*County of Riverside* v. *McLaughlin* (1991) 500 U.S. 44 [114 L.Ed.2d 49, 111 S.Ct. 1661].) In Gonzalez's case, a commissioner appointed by petitioner, the Municipal Court for the East Los Angeles Judicial District (hereafter Municipal Court), made the probable cause determination required by *McLaughlin*. The commissioner found probable cause to support Gonzalez's detention.

Gonzalez filed a petition for writ of habeas corpus in the Los Angeles Superior Court (hereafter Superior Court), contending that, under controlling California constitutional and statutory provisions, commissioners lack authority to make probable cause determinations. The Superior Court agreed. It granted the petition, and directed that a judge of the Municipal Court decide whether there was probable cause for Gonzalez's detention.[1]

The Municipal Court complied with the Superior Court's directive, but it also appealed from the order. Gonzalez moved to dismiss the appeal, contending that only the People had standing to appeal an order granting habeas corpus relief (see Pen. Code, § 1506). The Municipal Court then commenced the action now before us by filing in the Court of Appeal an original petition

---

[1]Because the language of the court's ruling is significant, I quote it in full:

"The court finds that under Penal Code section 807, magistrates in California are the judges and justices of the courts. Therefore, commissioners are not authorized to make probable cause determinations as required by *County of Riverside* v. *McLaughlin* (1991) 500 U.S. 44 [114 L.Ed.2d 49, 111 S.Ct. 1661]. [¶] The court orders this matter remanded to the municipal court with directions to conduct a probable cause hearing, to be heard by a judge of the municipal court, forthwith. The probable cause hearing is to be conducted this date. In the alternative, the municipal court is directed to release the defendant."

for writ of mandate or prohibition, asking the Court of Appeal to direct the Superior Court to vacate its order granting Gonzalez's habeas corpus petition "insofar as said order finds that commissioners of the Municipal Court are not authorized to make probable cause determinations following warrantless arrests as required by *County of Riverside* v. *McLaughlin*." The Court of Appeal denied the Municipal Court's petition on the ground that the Municipal Court lacked standing to bring the action.[2]

## II

Standing to petition for a writ of mandate is governed by Code of Civil Procedure section 1086, which provides that a writ will issue on the petition of a party that is "beneficially interested." The purpose of this requirement is "to ensure that the courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor." (*Common Cause* v. *Board of Supervisors* (1989) 49 Cal.3d 432, 439 [261 Cal. Rptr 574, 777 P.2d 610].)

The majority concludes that when a party in a criminal case files a writ petition in the superior court challenging a decision of the municipal court, the municipal court is a "neutral party" and has no beneficial interest in the proceedings even if the issue significantly affects its operations. Therefore, the majority concludes, the municipal court cannot challenge an adverse ruling by the superior court by filing a petition for writ of mandate in the Court of Appeal. I disagree. In my view, a municipal court's interest in matters significantly affecting its operations is sufficient to grant it standing to challenge an adverse superior court ruling by petitioning for writ of mandate.

Government Code section 68070 gives a municipal court the power to "make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." This power includes the authority to make rules of procedure. (*Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 89 [9 Cal.Rptr. 405].) When a superior court issues an order invalidating a municipal court practice or procedural rule, the authority and efficiency of the municipal court may be affected.

The underlying issue in this case—the legality of the Municipal Court's practice of using commissioners to determine whether warrantless arrests are supported by probable cause—demonstrates the potentially broad impact

---

[2]The Court of Appeal also granted Gonzalez's motion to dismiss the Municipal Court's appeal.

that a ruling in a matter initiated by one criminal defendant can have on the operation of the municipal court system. It is an enormously time-consuming process for a court to review the arrest reports of all of the suspects arrested every day without warrants to determine whether each arrest is supported by probable cause.[3] If the Municipal Court may assign this task to commissioners, it can more efficiently allocate its judicial resources. If, on the other hand, a Superior Court ruling compels the Municipal Court to assign judges, whose time might be better spent performing other judicial functions, to make the probable cause determinations mandated by *McLaughlin, supra,* 500 U.S. 44 [114 L.Ed.2d 49, 111 S.Ct. 1661], the Municipal Court's ability to efficiently allocate its judicial resources will be significantly impaired.

The Municipal Court, more than any other party, has the interest, knowledge, and motivation to litigate the legality of its practices and procedures. Its concern is far greater than that of the only parties who, under the majority opinion, could challenge the Superior Court's ruling in this case: the People and Gonzalez's custodian, the Los Angeles County Sheriff. So long as the Municipal Court determines, in compliance with *McLaughlin, supra,* 500 U.S. 44 [114 L.Ed.2d 49, 111 S.Ct. 1661], that probable cause supports a defendant's detention, it makes little difference to the sheriff and the People whether the determination is made by a commissioner or a judge. Their failure to appeal the Superior Court's order granting Gonzalez's petition for writ of habeas corpus is probably attributable to this indifference. The Municipal Court, by contrast, has a strong incentive to defend the legality of its practice of using commissioners to make probable cause determinations: it does not want to suffer the loss of efficiency and flexibility that will occur if, to perform this task, it must employ judges, whose services could otherwise be used to handle the Municipal Court's heavy caseload.

As I noted earlier, the purpose of the requirement that the petitioning party be "beneficially interested" is to ensure that the party will have sufficient interest to "press [its] case with vigor." (*Common Cause* v. *Board of Supervisors, supra,* 49 Cal.3d at p. 439.) Often, the municipal court will be the *only* entity with a sufficient interest to vigorously litigate questions regarding the legality of its procedures. The conduct of the Municipal Court in this case is illustrative. From the outset, it has strongly asserted its claim that it should be entitled to use commissioners to conduct probable cause hearings. It appeared in opposition to Gonzalez's petition for writ of habeas corpus even though it was not a party to that action. (See Pen. Code, §§ 1475,

---

[3]According to the Municipal Court, in the first seven months after the United States Supreme Court filed its opinion in *County of Riverside* v. *McLaughlin, supra,* 500 U.S. 44 [114 L.Ed.2d 49, 111 S.Ct. 1661], municipal courts in Los Angeles County conducted thirty-five thousand probable cause determinations.

1478.) When the Superior Court granted the habeas petition, the Municipal Court attempted to appeal the ruling, even though it is not statutorily authorized to appeal an order granting a writ of habeas corpus. (See p. 1135, fn. 2, *ante*.) When it recognized that it would not be allowed to appeal, it commenced this writ proceeding. Its briefs have been thorough and complete. In short, the Municipal Court has shown remarkable persistence, and the majority offers no reason to believe that the Municipal Court is unwilling or unable to litigate the issue fully.

In sum, courts are vitally concerned with maintaining their right to create efficient and just operating procedures, and therefore are likely to energetically defend those procedures. The public is well served by permitting them to do so, because efficient and fair court procedures lead to enhanced judicial performance. Courts thus are "beneficially interested" in litigation affecting their operating procedures, and consequently have standing to undertake litigation necessary to defend those procedures, including the right to petition for writ of mandate when ruling that appears to be legally unsound impairs their effectiveness.

### III

As I have explained, the courts have a "beneficial interest" in matters that significantly affect their method of operations. But the majority, while paying lip service to "beneficial interest" as the governing test by which standing to petition for a writ of mandate is measured, does not seriously contend that the courts lack *interest* in preserving their own procedures. Rather, the underlying rationale for the majority's conclusion is that it is somehow unseemly, or inconsistent with the role of the judiciary in our legal system, for a court to act as a litigant, and that only an "individual party" may do so. The majority asserts: " 'The courts' role is to decide cases; the parties' role is to bring cases before the courts. . . . A municipal court may have reason to complain of the treatment of one of its decisions, or its procedures, at the hands of the reviewing court. Nevertheless, the premise under which the judiciary operates is straightforward: if no individual party finds it worth his or her while to champion the cause and seek judicial review, then review will not occur.' " (Maj. opn., *ante*, p. 1131.) In my view, this description is a substantial distortion of our legal system as it exists today. As I shall demonstrate, it is common for the courts of this state to appear on their own behalf in writ proceedings arising out of pending cases, when the issues in such proceedings significantly affect their procedures.

Ordinarily, when a party challenges a ruling of a municipal or superior court by a petition for writ of mandate, the court whose ruling has been

challenged does not litigate the matter, even though it has been named as the respondent; rather, the real party in interest appears in opposition to the petition. But when the legality of the respondent court's procedures is at issue, that court may conclude that its interests will not be adequately represented by the real party in interest. In that instance, the real party in interest and the respondent court each appear separately to argue the merits of the petition. (See, e.g., *People* v. *Superior Court (Lavi)* (1993) 4 Cal.4th 1164 [17 Cal.Rptr.2d 815, 847 P.2d 1031] [whether a "trial setting" assignment to a "long cause" criminal department is an "all purpose assignment" under Code Civ. Proc., § 170.6]; *Hernandez* v. *Municipal Court* (1989) 49 Cal.3d 713 [263 Cal.Rptr. 513, 781 P.2d 547] [whether transfers to branch courthouses within a judicial district violate vicinage requirements]; *Zumwalt* v. *Superior Court* (1989) 49 Cal.3d 167 [260 Cal.Rptr. 545, 776 P.2d 247] [validity of local rule transferring jurisdiction from county clerk to court executive officer]; *O'Hare* v. *Superior Court* (1987) 43 Cal.3d 86 [233 Cal.Rptr. 332, 729 P.2d 766] [validity of jury selection procedure using only jurors who live in a portion of the county]; *Sunkyong Trading (H.K.) Ltd.* v. *Superior Court* (1992) 9 Cal.App.4th 282 [11 Cal.Rptr.2d 504] [scope of Code Civ. Proc., § 170.6]; *Copley Press, Inc.* v. *Superior Court* (1991) 228 Cal.App.3d 77 [278 Cal.Rptr. 443] [newspaper access to juror questionnaires].)

On occasion, when the significant effect of an issue is on a trial court's procedures rather than on the litigation in which the issue arises, the real party in interest may not even contest an opposing party's petition for writ of mandate or prohibition challenging a trial court's ruling. The respondent court is then the *sole* party opposing the petition for extraordinary relief. (See, e.g., *Press-Enterprise Co.* v. *Superior Court of California* (1984) 464 U.S. 501 [78 L.Ed.2d 629, 104 S.Ct. 819] [magistrate's power to close preliminary hearing]; *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619] [court's power to continue case when defense counsel has a calendar conflict]; *Shipp* v. *Superior Court* (1992) 5 Cal.App.4th 147 [6 Cal.Rptr.2d 685] [whether family court assignment under local court policy is an "all purpose" assignment under Code Civ. Proc., § 170.6]; *Flores* v. *Superior Court* (1991) 226 Cal.App.3d 797 [277 Cal.Rptr. 90] [effect of policy memorandum designating certain courts as "direct calendar courts" on challenges under Code Civ. Proc., § 170.6]; *Huffman* v. *Superior Court* (1990) 219 Cal.App.3d 1480 [269 Cal.Rptr. 12] [court's obligation to provide indigent defendant with trial transcript after first trial ends in hung jury].)

When a court does not prevail in a writ proceeding brought by a litigant attacking the validity of its procedures, it has always been permitted to seek

review of the adverse ruling, either by filing a notice of appeal (if the adverse ruling was by the superior court) or by filing a petition for review in this court (if the adverse ruling was by the Court of Appeal). (See, e.g., *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148] [municipal court appeal from order compelling it to disqualify trial judge under Code Civ. Proc., § 170.6]; *Lekse* v. *Municipal Court* (1982) 138 Cal.App.3d 188 [187 Cal.Rptr. 698] [municipal court appeal from order that small claims court must consolidate related claims, thereby depriving court of jurisdiction to hear them]; *Olney* v. *Municipal Court* (1982) 133 Cal.App.3d 455 [184 Cal.Rptr. 78] [municipal court appeal from order compelling it to set aside policy requiring misdemeanor defendants to personally appear at readiness conferences]; *Rhyne* v. *Municipal Court* (1980) 113 Cal.App.3d 807 [170 Cal.Rptr. 312] [municipal court appeal from order granting indigents right to counsel in contempt hearings]; *Roswall* v. *Municipal Court* (1979) 89 Cal.App.3d 467 [152 Cal.Rptr. 337] [municipal court appeal from order barring it from relieving public defender after reexamination of defendant's indigence]; *Reygoza* v. *Superior Court* (1991) 230 Cal.App.3d 514 [281 Cal.Rptr. 390] [superior court petition for review after Court of Appeal invalidated policy that cases assigned to a department are assigned to the presiding judge of that department for all purposes]; *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544 [213 Cal.Rptr. 399] [superior court petition for hearing after Court of Appeal holding that superior court's local rule conflicts with California Rules of Court].)

The cases just cited show that municipal and superior courts do not sit idly by when they are responding parties in an action challenging their procedures; instead, they vigorously defend their institutional interests. Thus, the majority's unarticulated premise that courts are never litigants is simply incorrect. Although none of these cases involved a municipal court filing a petition for writ of mandate to challenge an adverse ruling by a superior court, as was done here, this factor has no significance.[4] The cases cited above show that for many years municipal as well as superior courts have actively litigated the legality of their operating procedures, without any suggestion that it was unseemly or inappropriate for them to do so. A petition for writ of mandate challenging an adverse superior court ruling is

---

[4]Until 1982, there was little reason for a municipal court to file such a petition. Before that time, if a superior court made a ruling affecting municipal court procedures in a mandate proceeding arising out of a pending criminal case, the municipal court could appeal the ruling to the Court of Appeal. (Code Civ. Proc., § 904.1, subd. (a).) In 1982, the Legislature amended Code of Civil Procedure section 904.1, subdivision (a) to provide that orders issued by superior courts in mandate proceedings are not appealable. (Stats. 1982, ch. 931, § 1, p. 3387.) Since then, the only way to challenge such rulings has been by a petition for writ of mandate to the Court of Appeal.

an ordinary part of such litigation. There is no reason to prohibit a municipal court from filing such a petition, when it is otherwise permitted to use the judicial system in the same manner as any other litigant.

I therefore conclude that when a ruling that appears to be legally unsound has a significant adverse effect on the operating procedures of a municipal court, the latter can initiate mandate proceedings for the purpose of overturning the ruling.

## IV

For the reasons given above, I would hold that the municipal court has standing to file mandate petitions to challenge court rulings that have a substantial adverse effect on their internal operations and appear to be legally unsound. In this case, had the Superior Court's order granting Gonzalez's petition for writ of habeas corpus compelled the Municipal Court to discontinue the practice of using commissioners to conduct probable cause determinations, it would have had a significant effect on the court's operations, and, in my view, the Municipal Court would have had standing to challenge that order by petitioning the Court of Appeal for a writ of mandate. But the Superior Court's order granting Gonzalez's petition did not have such widespread effect.

The Superior Court's order granting Gonzalez's habeas petition directed the Municipal Court to have a judge determine whether there was probable cause to detain Gonzalez. The order did not require the Municipal Court to do the same in any other case, and because the order was not published, it had no precedential value.[5] The Municipal Court is thus free to continue its practice of using commissioners to conduct probable cause determinations until some party prevails in an action appropriate to challenge the legality of that policy (e.g., a petition for injunctive or declaratory relief directed at the municipal court). Because the Municipal Court is under no compulsion to alter this practice, it lacks a beneficial interest in overturning the order of the Superior Court granting habeas corpus relief to Gonzalez. I therefore agree with the majority that, in this case, the Municipal Court's petition for writ of mandate should be denied.

The majority, however, creates too broad a rule when it holds that a municipal court lacks standing to petition for extraordinary relief from a

---

[5]Because the Municipal Court was not a party to Gonzalez's habeas corpus action (see Pen. Code, §§ 1475, 1478), the Superior Court's ruling granting Gonzalez's petition for relief does not collaterally estop the Municipal Court from arguing, in some future proceeding, that its policy is legally authorized. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 283, p. 721.)

decision "which significantly affects the operations of the petitioning court." (Maj. opn., *ante*, p. 1129.) As I have explained, when a judicial ruling has a significant adverse effect on a municipal court procedure, and the municipal court believes that ruling to be legally unsound, that court has a beneficial interest in defending its right to maintain procedures it has found to be just and efficient. In that situation, when mandate relief is necessary as an ordinary part of the litigation to challenge the adverse ruling, I would allow the affected court to petition for writ of mandate.