Filed 1/27/26  Desert Valleys Builders Assn. v. The City of Coachella CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DESERT VALLEYS BUILDERS ASSOCIATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE CITY OF COACHELLA et al.,<br><br>    Defendants and Appellants. | D085376<br><br><br>(Super. Ct. No. RIC1900832) |

APPEALS from an order and judgment of the Superior Court of Riverside County, Godofredo Magno, Judge.  Vacated in part and remanded with instructions.

Best Best & Krieger and Victor L. Wolf for Defendants and Appellants.

McNeill Law Offices and Walter P. McNeill for Plaintiff and Appellant.

The City of Coachella, the Coachella Water Authority, the Coachella Sanitary District, and the Mayor and City Counsel of the City of Coachella (collectively, Coachella) appeal and Desert Valleys Builders Association also appeals from the trial court's judgment partially granting and partially denying the Association's Petitions for Writs of Mandate, and Complaint for Declaratory and Injunctive Relief.  Because we conclude the Association

failed to adequately evidence its standing, we vacate the judgment as to causes of action 2 through 9 and remand for the trial court to dismiss causes of action 2 through 9.

## I.

In 2010, the Coachella City Counsel adopted Ordinance No. 1013, which established provisions for assessing and collecting development impact fees (DIF).  (See Coachella City Code, ch. 4.45.)

## A.

The Mitigation Fee Act regulates certain fees charged by local agencies. (Gov. Code, § 66000 et seq.)

Various reporting obligations attach once a local agency imposes DIFs. Section 66006, subdivision (b)(1) imposes an annual reporting requirement mandating the local agency to make publicly available certain information for each fiscal year.  The Act imposes a five-year reporting requirement as well. (§ 66001(d)(1).)

A similar annual reporting requirement attaches to any "'[c]apacity charge'" imposed by a local agency for sewage and water service. (§ 66013(b)(3) & (d).)

Under section 66023(a)(1)(A), "a person may request an audit in order to determine . . . [¶] [w]hether any fee or charge levied by a local agency exceeds the amount reasonably necessary to cover the cost of any product, public facility . . . or service provided by the local agency."  If the local agency has failed to comply with the annual reporting requirements of section 66006(b) for three consecutive years, the local agency "shall pay the costs of the audit," which "shall include each consecutive year the local agency did not comply with" the annual reporting requirement. (§ 66023(h)(1) & (2).)

2

B.

In January 2019, the Association filed the instant Petitions and Complaint. The Association alleged it is "a California corporation and a [section ]501(c)(6) non-profit organization, for the purpose of promoting the common business interests of the construction industry and improvement of the business conditions for the construction industry, in Eastern Riverside County (inclusive of the City of Coachella) and Imperial County." It further alleged it "has an extensive and diverse membership of companies and organizations that support the construction industry" and that its members "have repeatedly in the past eight fiscal years and will in the future pay the [DIFs] levied by the City of Coachella in its fee schedule, as well as the capacity charges levied by both the Coachella Water Authority . . . and the Coachella Sanitation District." "[M]embers of the [Association] are property owners and residents within the jurisdictional territory of the City of Coachella, and the co-extensive service jurisdictions of the Coachella Water Authority and the Coachella Sanitation District, such that they stand to gain affirmative relief and potential refunds of fees as described" in the Petition.

The Petitions and Complaint alleged that, "for more than eight previous fiscal years," Coachella "levied a wide range of developer fees on construction and development" regulated by the Act but "has never prepared the annual report required by" section 66006(b) and "has never accounted for or prepared the '5-year . . . findings' for DIFs required by" section 66001(d). (Underlining omitted.) The Petitions and Complaint further alleged "Coachella has never prepared the annual capacity charge report" required by section 66013(d). (Underlining omitted.)

The Association sought writs of mandate compelling City to conduct a section 66023 audit (cause of action 1); perform its duty to provide annual

3

DIF reports under section 66006 (cause of action 2); perform its duty to provide five-year DIF reports under section 66001 (cause of action 3); expend DIFs exclusively for identified purposes under section 66008 (cause of action 4); with the water district, comply with the requirements of section 66013 (cause of action 5); and, with the sanitary district, comply with the requirements of section 66013 (cause of action 6).  As to each writ request, the Association alleged it "has no plain, speedy[,] and adequate remedy in the ordinary course of law, other than the relief sought by this petition."

The Association further sought declarations and injunctions concerning the sanitary district's expenditure of capacity charges (cause of action 7), City's expenditures of DIFs (cause of action 8), and the preemption of a park improvement fee by Government Code section 66477 (cause of action 9).

C.

In March 2019, Coachella answered the Petitions and Complaint.  As to the Association's standing allegations, Coachella said it "lack[ed] information, knowledge[,] or belief sufficient to admit or deny" them and therefore "den[ied] each and every allegation."  It also denied the allegations that the Association lacked any other adequate remedy.

In October 2019, the parties jointly stipulated, and the court ordered, that Coachella would engage at its own expense an independent auditor to conduct a section 66023 audit.  In the stipulation, the parties indicated their belief that the audit would "provide [them] with foundational information required to litigate any remaining claims in this action in the event a settlement is not reached."  The record indicates that as of January 2025, the stipulated and court-ordered audit had yet to be completed.

In 2023, after years of litigating the scope of the audit, the court set a briefing schedule for the writ hearing.

In Coachella's trial opposition brief, it argued that the Association failed to (1) present sufficient evidence of standing, (2) present sufficient evidence of a lack of other adequate remedies, and (3) support its claims with any evidence.

In reply, the Association argued its verified Petitions and Complaint provided adequate evidence of standing and Coachella had the initial burden of production of evidence.

In June 2024, following further litigation of issues concerning the audit, the court held the writ hearing. In its order, the court did not address the dispute over the Association's standing. The court noted it "ha[d] already granted the writ as to the first cause of action." It granted writ relief as to causes of action 2 and 3, requiring Coachella to produce an annual report for fiscal year 2017-2018 and produce a five-year report. It concluded insufficient evidence supported causes of action 4 through 6 and accordingly denied relief. It summarily denied causes of action 7 through 9.

## II.

Coachella argues, as it did in its trial opposition brief, that the Association failed to produce any—let alone sufficient—evidence of its standing. We agree.

"A litigant's standing to sue is a threshold issue to be resolved before the matter can be reached on its merits." (*Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2006) 136 Cal.App.4th 119, 128.) "Standing goes to the existence of a cause of action [citation], and the lack of standing may be raised *at any time* in the proceedings." (*Ibid.*) A party must be "beneficially interested" in the litigation to have standing to seek relief by

5

writ of mandate.  (Code Civ. Proc., § 1086; see also § 1060 [to obtain declaratory relief, plaintiff must be a "person interested"].)  The plaintiff bears the burden to establish standing.  (*People ex rel. Becerra v. Superior Court* (2018) 29 Cal.App.5th 486, 495.)

Here, Coachella claims the Association has failed to make a showing it is beneficially interested in the matter.  In response, the Association argues, as it did in the trial court, that its verified Petitions and Complaint provided adequate evidence of standing.  According to the Association, the Petitions and Complaint affirm its standing as "an active non[]profit corporation in the Coachella territory participating in . . . and assisting its members in the construction industry with issues related to the fee[s] which are the subject of this litigation."  The Association further argues Coachella conceded standing by agreeing to "the action necessary for compliance by the City to perform the [section] 66023 audit."

"'[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation."  (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 327.)  Facts "'alleged [in a verified writ petition and] controverted by answer *must be established by evidentiary proof.*'"  (*California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 762.)  Moreover, because standing is jurisdictional (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438), a party cannot concede or stipulate to it (*Amundson v. Catello* (2025) 111 Cal.App.5th 817, 826).  Accordingly, the Association's arguments do not convince us jurisdiction has been adequately established in this matter.

6

During oral argument, counsel for the Association argued the Association has standing because Government Code section 66023(a)(1)(A) broadly provides that "*a person* may request an audit" without specifying that person must be damaged or in any other way interested in the litigation. (Italics added.) First, by waiting until oral argument to raise this argument, the Association forfeited it. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6.) Second, this argument applies only to cause of action 1, as the remaining causes of action rely on different statutory provisions within the Mitigation Fee Act lacking similar language. But the parties are clear that cause of action 1 is not a subject of this appeal. Accordingly, this argument does not sway our determination that standing has been inadequately evidenced for purposes of the appealed causes of action.

Because the Association has failed to establish standing to bring its Petitions and Complaint, we decline to reach the merits of the appeals. (See *Municipal Court v. Superior Court (Gonzalez)* (1993) 5 Cal.4th 1126, 1132.) Accordingly, we vacate the judgment as to causes of action 2 through 9 (see *Estrada v. FedEx Ground Package System, Inc.* (2007) 154 Cal.App.4th 1, 17 [court lacks jurisdiction to grant relief when plaintiff seeking said relief lacks standing]) and remand for dismissal of causes of action 2 through 9 (see *California v. Texas* (2021) 593 U.S. 659, 680; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 454 ["[T]he Court of Appeal erred in ruling that petitioner has standing to challenge the recall of Bradley's sentence. Nothing more is necessary to our holding that the judgment must be reversed with directions to dismiss the mandamus action."].)

### III.

We vacate the judgment as to causes of action 2 through 9 and remand this matter to the trial court to dismiss causes of action 2 through 9.

Coachella shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3).)


                                                        CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.